# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**MATTHEW JEROME BOONE,**

     **Plaintiff,**

     **v.**

**OFFICER JACOB ZAINO, INDIVIDUAL CAPACITY; CORPORAL ROBERT MOORE, INDIVIDUAL CAPACITY; CORPORAL GEORGE SNYDER, INDIVIDUAL CAPACITY; DEPUTY NICHOLAS MUTI, INDIVIDUAL CAPACITY; DEPUTY XAVIER MCMILLER, INDIVIDUAL CAPACITY; SERGEANT JOANNE DIAZ, INDIVIDUAL CAPACITY; DEPUTY LISA NEWTON, INDIVIDUAL CAPACITY; DEPUTY I PALAU, INDIVIDUAL CAPACITY; SERGEANT KENNETH THOMPSON, INDIVIDUAL CAPACITY; CORPORAL TOMMY FRYE, INDIVIDUAL CAPACITY; DEPUTY ZACHARY WELCH, INDIVIDUAL CAPACITY; DEPUTY RICHARD NELSON, INDIVIDUAL CAPACITY; JOHN POTTS, INDIVIDUAL CAPACITY; DEPUTY M COUTURE, INDIVIDUAL CAPACITY; DEPUTY DARRYL KEATON, INDIVIDUAL CAPACITY; DEPUTY JARED DAVIS, INDIVIDUAL CAPACITY; DEPUTY TRISTAIN RODRIGUEZ, INDIVIDUAL CAPACITY;**

**Case No.: 5:26-cv-00210-JSS-PRL**

**LIEUTENANT KENNETH MOSERJR,
INDIVIDUAL CAPACITY;
SERGEANT JUSTIN HAGOOD,
INDIVIDUAL CAPACITY; AND
SERGEANT   DRAKE,**

　　　　**Defendants,**

_____/

## ORDER

The Plaintiff, Matthew Jerome Boone., who is proceeding pro se, filed this action against various employees of the Ocala Police Department and the Marion County Sheriff's Office, including Officer Jacob Zaino and approximately 20 others. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

### I.    Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

### II.    Discussion

Plaintiff's complaint consists of about sixteen pages of vague, conclusory allegations in an outline format. In fact, due to Plaintiff's use of bullet points in an outline format, it is

difficult to discern precisely what Plaintiff is alleging. Indeed, Plaintiff's complaint bears a striking resemblance to documents created by generative artificial intelligence.

As best can be discerned from the allegations of the complaint, Plaintiff's claims arise from his interactions with law enforcement officers employed by both the Ocala Police Department and the Marion County Sheriff's Office. In a conclusory manner, and without well-pled facts, Plaintiff alleges claims for false arrest, excessive force, failure to intervene, supervisory liability, failure to train, failure to supervise and discipline, custom of excessive force, and ratification by supervisors. Plaintiff demands $1.2 million in damages.

To begin, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short and plain statement of the claim(s) showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding pro se, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Liberally read, the complaint fails to state a plausible claim under § 1983 against any of the defendants. The conclusory allegations in the complaint do not sufficiently constitute a plausible factual basis for Plaintiff's claims that his civil rights were violated.

While it is highly doubtful Plaintiff will be able to allege a viable claim, out of an abundance of caution, the Court will provide Plaintiff with the opportunity to file an amended complaint to clarify the bases for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff

seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.    Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **May 11, 2026,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

- 5 -

**DONE** and **ORDERED** in Ocala, Florida on April 1, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties