# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# OCALA DIVISION

Case No.: 5:26-cv-00210-JSS-PRL

MATTHEW JEROME BOONE,

Plaintiff,

v.

JACOB ZAINO, in his individual capacity;

ROBERT MOORE, in his individual capacity;

GEORGE SNYDER, in his individual capacity;

NICHOLAS MUTI, in his individual capacity;

XAVIER MCMILLER, in his individual capacity;

KENNETH THOMPSON, in his individual capacity;

TOMMY FRYE, in his individual capacity;

DARRYL KEATON, in his individual capacity;

JARED DAVIS, in his individual capacity;

TRISTAIN RODRIGUEZ, in his individual capacity;

KENNETH MOSHER, JR., in his individual capacity;

CITY OF OCALA; and

BILLY WOODS, in his official capacity as Sheriff of Marion County,

Defendants.

_____/

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Matthew Jerome Boone, proceeding pro se and in forma pauperis, alleges:

I. JURISDICTION AND VENUE

1. This is a civil-rights action arising under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district because the events giving rise to these claims occurred in Marion County, Florida.

II. PARTIES

4. Plaintiff Matthew Jerome Boone is a resident of Ocala, Florida.

5. Defendant Jacob Zaino was, at all material times, a law-enforcement officer acting under color of state law.

6. Defendant Robert Moore was, at all material times, a detention officer acting under color of state law.

7. Defendant George Snyder was, at all material times, a detention officer acting under color of state law.

8. Defendant Nicholas Muti was, at all material times, a detention officer acting under color of state law.

9. Defendant Xavier McMiller was, at all material times, a detention officer acting under color of state law.

10. Defendant Kenneth Thompson was, at all material times, a detention officer acting under color of state law.

11. Defendant Tommy Frye was, at all material times, a detention officer acting under color of state law.

12. Defendant Darryl Keaton was, at all material times, a detention officer acting under color of state law.

13. Defendant Jared Davis was, at all material times, a detention officer acting under color of state law.

14. Defendant Tristain Rodriguez was, at all material times, a detention officer acting under color of state law.

15. Defendant Kenneth Mosher, Jr. was, at all material times, a detention supervisor acting under color of state law.

16. Defendant City of Ocala is a municipal entity organized under the laws of the State of Florida and was responsible for the policies, customs, training, supervision, and discipline of its police officers, including Defendant Zaino.

17. Defendant Billy Woods is the Sheriff of Marion County, Florida, and is sued in his official capacity only as the final policymaker for Marion County Jail operations, detention training, detention supervision, and use-of-force practices applicable to Marion County detention personnel.

III. FACTUAL ALLEGATIONS

18. On March 30, 2022, Plaintiff encountered Defendant Zaino in Ocala, Florida.

19. Before activating body-worn camera footage, Defendant Zaino instructed Plaintiff to touch the exterior handle of Defendant Zaino's patrol vehicle.

20. Plaintiff complied with that instruction.

21. Plaintiff did not enter the patrol vehicle, attempt to drive it, or occupy it.

22. Despite this, Defendant Zaino later reported that Plaintiff entered or attempted to take the patrol vehicle, and that allegation formed the basis for Plaintiff's arrest.

23. Available dash camera footage does not show Plaintiff entering the vehicle.

24. No fingerprint evidence was collected to support any claim that Plaintiff entered the vehicle.

25. Plaintiff was later transported in the same patrol vehicle he was accused of unlawfully entering.

26. Plaintiff alleges that Defendant Zaino fabricated, misstated, or materially omitted facts in order to create the appearance of probable cause.

27. Plaintiff was then transported to the Marion County Jail.

A. March 30, 2022 Intake Use of Force

28. Upon arrival at the Marion County Jail on March 30, 2022, Plaintiff was taken to intake for processing.

29. Plaintiff was provided a suicide-prevention garment without meaningful explanation or instruction on how to properly wear it.

30. The garment was in poor condition, including worn Velcro straps that made it difficult to secure.

31. Plaintiff attempted to comply but was unable to properly fasten the garment under those circumstances.

32. Plaintiff questioned why he had been placed on suicide precaution status and had not been evaluated by medical personnel before the use of force began.

33. Instead of providing clarification or assistance, officers escalated the situation.

34. Plaintiff's clothing was forcibly removed, and Plaintiff was placed in a strip-search setting while unclothed and vulnerable.

B. April 4, 2022 Infirmary Use of Force

46. On April 4, 2022, while housed in the infirmary under suicide precaution status, Plaintiff was subjected to a second use of force.

47. During a strip-search procedure, Plaintiff was ordered to comply with commands including opening his mouth and performing a squat-and-cough search.

48. Plaintiff was restrained and physically controlled.

49. Despite that restraint and control, Defendants Thompson and Frye escalated the encounter.

50. Defendant Thompson deployed pepper spray or pepper foam into Plaintiff's face multiple times.

51. Defendant Frye participated in restraining and escorting Plaintiff during the incident.

52. Plaintiff was then escorted to a shower while restrained.

53. The repeated use of chemical agents against a restrained detainee was excessive and unnecessary.

54. Plaintiff suffered pain, respiratory distress, humiliation, and emotional harm as a result.

C. April 6, 2022 DRT Use of Force

55. On April 6, 2022, Plaintiff was subjected to a third use of force involving a Detention Response Team.

56. At the time of the incident, Plaintiff was alone in his cell, unclothed, and seated.

57. Plaintiff was not actively resisting, attacking anyone, or posing an immediate threat.

58. Defendant Mosher activated the Detention Response Team.

59. Defendants Davis, Keaton, and Rodriguez entered Plaintiff's cell and participated in forcing Plaintiff to the ground and restraining Plaintiff.

60. Defendant Davis applied hand restraints.

61. Plaintiff alleges that force continued even though he was subdued and not posing an immediate threat.

62. The deployment of a tactical team and the use of force under those circumstances was excessive and disproportionate.

63. Plaintiff suffered pain, physical injury, humiliation, and emotional distress as a result.

D. Additional Harm

64. Across the incidents described above, official reports repeatedly stated that no injuries were observed despite the use of pepper spray, physical strikes, takedowns, and restraints.

65. Following his arrest, Plaintiff was unable to contact family members for approximately four days, causing distress and uncertainty regarding his condition and whereabouts.

66. Prior to the events described herein, Plaintiff had maintained employment and an established work history, including positions requiring background screening.

67. Plaintiff was also pursuing a position with the United States Postal Service that would have provided approximately $45,000 in annual income.

68. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of employment opportunities, lost income, and diminished earning capacity.

IV. LIMITATION OF CLAIMS

69. Plaintiff does not bring this action to invalidate any conviction, plea, or criminal judgment.

70. Plaintiff seeks damages for independent constitutional violations allegedly committed during and after the arrest and during custodial detention, including arrest without probable cause, fabrication or misrepresentation of facts, excessive force, chemical spraying, takedowns, and related injuries.

V. CLAIMS FOR RELIEF

COUNT I

FALSE ARREST / UNLAWFUL SEIZURE

Against Defendant Jacob Zaino

71. Plaintiff realleges paragraphs 1 through 70.

72. A warrantless arrest without probable cause violates the Fourth Amendment. See Brown v. City of Huntsville, 608 F.3d 724 (11th Cir. 2010); Skop v. City of Atlanta, 485 F.3d 1130 (11th Cir. 2007).

73. Defendant Zaino caused Plaintiff to be arrested based on the allegation that Plaintiff entered or attempted to take a patrol vehicle.

74. Plaintiff alleges that this accusation was false and unsupported by objective evidence.

75. Available dash camera footage did not show Plaintiff entering the vehicle, and no fingerprint evidence was collected to support that allegation.

76. Because Defendant Zaino lacked probable cause, or relied on materially false facts to create the appearance of probable cause, Plaintiff was unlawfully seized in violation of the Fourth Amendment.

77. As a direct and proximate result, Plaintiff suffered loss of liberty, detention, emotional distress, and economic harm.

COUNT II

FABRICATION OR MISREPRESENTATION OF MATERIAL FACTS

Against Defendant Jacob Zaino

78. Plaintiff realleges paragraphs 1 through 70.

79. Officers may not ignore plainly exculpatory facts, turn a blind eye to contradictory evidence, or manufacture facts to support probable cause. See Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004); Franks v. Delaware, 438 U.S. 154 (1978).

80. Plaintiff alleges that Defendant Zaino falsely claimed Plaintiff entered or attempted to take the patrol vehicle.

81. Plaintiff further alleges that available video evidence and the absence of corroborating physical evidence contradicted that account.

82. By using materially false or misleading facts to justify Plaintiff's arrest, Defendant Zaino violated Plaintiff's constitutional rights.

83. As a direct and proximate result, Plaintiff suffered detention, loss of liberty, emotional harm, and economic damages.

COUNT III

EXCESSIVE FORCE – MARCH 30, 2022

Against Defendants Moore, Snyder, Muti, and McMiller

84. Plaintiff realleges paragraphs 1 through 70.

85. The use of force is unconstitutional when it is objectively unreasonable under the totality of the circumstances. See Graham v. Connor, 490 U.S. 386 (1989).

86. A pretrial detainee is protected from objectively unreasonable force under the Fourteenth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389 (2015).

87. The use of significant force after a person is restrained and under control is excessive. See Lee v. Ferraro, 284 F.3d 1188 (11th Cir. 2002).

88. On March 30, 2022, Defendants Moore, Snyder, Muti, and McMiller sprayed Plaintiff, struck Plaintiff, forced Plaintiff to the ground, pinned Plaintiff while Plaintiff struggled to breathe, and continued using force after Plaintiff was under control.

89. Plaintiff was unclothed, vulnerable, and not posing an immediate threat requiring that level of force.

90. The force used was objectively unreasonable, excessive, and disproportionate to any legitimate need.

91. As a direct and proximate result, Plaintiff suffered physical injury, respiratory distress, pain, and emotional harm.

COUNT IV

EXCESSIVE FORCE – APRIL 4, 2022

Against Defendants Thompson and Frye

92. Plaintiff realleges paragraphs 1 through 70.

93. On April 4, 2022, Defendants Thompson and Frye used repeated chemical force and physical restraint against Plaintiff during a strip-search procedure while Plaintiff was restrained and under control.

94. Under Kingsley, Graham, and Lee, the use of repeated chemical force against a restrained detainee who is under control is objectively unreasonable and excessive.

95. As a direct and proximate result, Plaintiff suffered pain, respiratory distress, humiliation, and emotional harm.

COUNT V

EXCESSIVE FORCE – APRIL 6, 2022

Against Defendants Mosher, Davis, Keaton, and Rodriguez

96. Plaintiff realleges paragraphs 1 through 70.

97. On April 6, 2022, Defendants Mosher, Davis, Keaton, and Rodriguez deployed a detention response team against Plaintiff while Plaintiff was unclothed, seated, alone, and not actively resisting or posing an immediate threat.

98. Defendants forced Plaintiff to the ground, restrained Plaintiff, and continued using force after Plaintiff had been subdued.

99. Under Kingsley, Graham, and Lee, the force used against Plaintiff on April 6, 2022 was objectively unreasonable and excessive.

100. As a direct and proximate result, Plaintiff suffered pain, physical injury, humiliation, and emotional distress.

COUNT VI

FAILURE TO INTERVENE

Against Officers Present Who Had a Realistic Opportunity to Stop the Use of Excessive Force

101. Plaintiff realleges paragraphs 1 through 70.

102. An officer who is present and in a position to stop another officer's unconstitutional use of force, but fails to do so, is liable under 42 U.S.C. § 1983. See Priester v. City of Riviera Beach, 208 F.3d 919 (11th Cir. 2000); Byrd v. Clark, 783 F.2d 1002 (11th Cir. 1986).

103. During the March 30, 2022, April 4, 2022, and April 6, 2022 incidents, one or more officers were present, observed the force being used, and had a realistic opportunity to intervene and stop the unconstitutional force.

104. Those officers failed to intervene.

105. Their failure to intervene directly contributed to Plaintiff's injuries and damages.

COUNT VII

MUNICIPAL LIABILITY / FAILURE TO TRAIN

Against Defendant City of Ocala

106. Plaintiff realleges paragraphs 1 through 70.

107. A municipality is liable under 42 U.S.C. § 1983 only when the execution of its policy or custom causes the constitutional violation. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

108. A failure-to-train or failure-to-supervise theory requires deliberate indifference. See City of Canton v. Harris, 489 U.S. 378 (1989).

109. Defendant City of Ocala was responsible for the policies, customs, training, supervision, and discipline of its police officers, including Defendant Zaino.

110. Plaintiff alleges that Defendant City of Ocala failed to adequately train, supervise, and discipline officers regarding probable cause, truthful reporting, preservation of exculpatory evidence, and proper activation or use of body-worn camera practices.

111. Plaintiff further alleges that these failures were a moving force behind Plaintiff's unlawful arrest and the fabrication or misrepresentation of facts used to justify it.

112. As a direct and proximate result of those municipal failures, Plaintiff suffered the injuries and damages described herein.

COUNT VIII

MUNICIPAL LIABILITY / FAILURE TO TRAIN / FAILURE TO SUPERVISE

Against Defendant Billy Woods, in his official capacity as Sheriff of Marion County

113. Plaintiff realleges paragraphs 1 through 70.

114. Official-capacity liability attaches where a policy, custom, or deliberately indifferent failure to train or supervise causes the constitutional violation. See Monell, 436 U.S. 658; City of Canton, 489 U.S. 378; Connick v. Thompson, 563 U.S. 51 (2011).

115. Defendant Billy Woods, in his official capacity as Sheriff of Marion County, was responsible for jail policies, customs, training, supervision, discipline, intake procedures, and use-of-force practices applicable to Marion County detention personnel.

116. Plaintiff alleges that Marion County Jail personnel were not adequately trained, supervised, or disciplined regarding the use of force against restrained detainees, the use of chemical agents, intake dress-out and suicide-precaution procedures, and the use of force during cell extractions.

117. Plaintiff further alleges that these failures were a moving force behind the March 30, April 4, and April 6, 2022 constitutional violations described herein.

118. As a direct and proximate result of those official-capacity failures, Plaintiff suffered the injuries and damages described herein.

## VI. DAMAGES

119. As a direct and proximate result of Defendants' actions, Plaintiff suffered physical injury, pain, respiratory distress, emotional distress, humiliation, loss of liberty, lost income, loss of employment opportunity, and diminished earning capacity.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor to Proceed with case

A. compensatory damages;

B. punitive damages against the individual Defendants where permitted by law;

C. taxable costs; and

D. such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## IX. SIGNATURE

Respectfully submitted,

*Matthew Jerome Boone*

Matthew Jerome Boone

Plaintiff, pro se

Date: *April 10th, 2026*

CERTIFICATE OF HAND DELIVERY

I HEREBY CERTIFY that on this _10_ day of _April_, 2026, I hand-delivered the foregoing Amended Complaint to the Clerk's Office of the United States District Court, Middle District of Florida, Ocala Division, at the Golden-Collum Memorial Federal Building and United States Courthouse, 207 Northwest Second Street, Ocala, Florida 34475.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Matthew Jerome Boone
Plaintiff, pro se

Date: _April 10th, 2026_

Exhibit A



# MARION COUNTY   SHERIFF'S OFFICE

## PUBLIC RECORD REDACTION LOG

**DESCRIBE RECORDS PRODUCED:**
Booking Report

**Completing Employee ID#: 6937**

## STATUTORY GROUNDS FOR REDACTION (*CHECK ALL THAT APPLY*):

- [ ] "Marsy's Law," Fla. Const., Art. I, Sec. 16
- [ ] DV Lethality Assessment Form §741.29(2)(i)
- [ ] DCF Records, §39._____ Describe: (_____)
- [ ] Drug testing, §112.0455/440.102
- [ ] Internal Affairs (Active), §112.533(2)
- [ ] Sexual harassment victim, §119.071(2)(n)
- [ ] Medical information, §119.071
- [ ] Pre-employment questions, s. 119.071(1)(a)
- [ ] Attorney Work Product, §119.071(1)(d)
- [ ] Confidential non-Florida Criminal Justice Info, §119.071(2)(b)
- [ ] Active Criminal Investig/Intel, §119.071(2)(c)
- [ ] Surveillance/Tactical/Emergency Plans or Capabilities, §119.071(2)(d)
- [ ] Confession, §119.071(2)(e)
- [ ] Confidential Informant Info, §119.071)(2)(f)
- [ ] EEO Complaints (not filed), §119.071(2)(g)
- [ ] Victim info: child abuse/sex crime/human Trafficking, §119.071(2)(h)
- [ ] Photo/video of sex victim, §119.071(2)(h)1
- [ ] Videotaped statement of minor sex victim, §119.071(2)(j)
- [ ] Body camera (specified place), §119.071(2)(l)
- [ ] Eyewitness to Murder, s. 119.071(m)
- [ ] Sex harassment victim, §119.071(2)(n)
- [ ] Mass violence victim, §119.071(2)(o)
- [ ] Security Plan/Firesafety Systems/Building Schematics/Etc., §119.071(3)/281.301
- [x] Social security number, §119.071(4)(a)/(5)(a)
- [ ] Employee Medical Records, §119.071(4)(b)1

- [ ] Undercover officers, §119.071(4)(c)
- [ ] Personal Info. of LEO/Spouse/Child, §119.071(4)(d)
- [ ] Personal Information of Other Protected Persons/Family, 119.071(4)(d) _____ /(5)(j-k)
- [ ] Bank Acct, Debit/CC Number, §119.071(5)(b)
- [ ] Biometric information (s. 119.071(5)(g)
- [ ] Motor vehicle/DAVID record, §119.0712(2)
- [ ] Crash reports, s. 316.066
- [ ] License plate reader info, s. 316.0777(2)
- [ ] Identifying Info in 911 calls (§365.171)
- [ ] Birth certificate §382.025
- [ ] Death certificate, §382.025/325.008
- [ ] Baker Act Report, §394.4615
- [ ] Patient Medical/Clinical/Healthcare Records, §395.3025(4), §456.057(7)(a)
- [ ] Marchman Act, §397.501(7)
- [ ] Inmate substance abuse records, §397.752
- [ ] Video/audio of death of LEO, s. 406.136
- [ ] Pawnbroker records, s. 539.003
- [ ] Domestic Violence Victim, §741._____ (Describe record: _____)
- [ ] Sex battery victim info, §794.024
- [ ] Witness protection, § 914.27/945.10(1)(c)
- [x] NCIC/FCIC II Crim Justice Info, §943.053
- [ ] Sealed/Expunged Cases, §943.0585/943.059
- [ ] Juvenile Records, §985._____ (Describe record: _____)
- [ ] Educational Records, §1002.2(2)/1002.221
- [ ] Other, §_____ (Describe record: _____)
- [ ] Other, §_____ (Describe record: _____)

Billy Woods, Sheriff

# Marion County Sheriff's Office

## BOOKING REPORT - 2200002682   - BOONE, MATTHEW JEROME

**Location: RELEASED**     Total Bond Amount: **$0.00**

| Booking # | Inmate Id # | Arrival Date/Time | Booking Date/Time | Scheduled Release | Release Date/Time | Property Location |
|---|---|---|---|---|---|---|
| 2200002682 | A0114358 | 3/30/2022 21:36 | 3/30/2022 21:36 | | 10/21/2022 23:59 | |

| Last Name | First Name | Middle Name | Name Suffix | Juvenile Dispo | Language Spoken | ☑ Booking Complete |
|---|---|---|---|---|---|---|
| BOONE | MATTHEW | JEROME | | | ENGLISH | |

| Inmate Status | Inmate Classification | Parole Officer | Booking Officer | Entry Officer |
|---|---|---|---|---|
| | 4-MEDIUM | | | SPILLMAN, J |

Alerts:

### PERSONAL INFORMATION

Physical Address **15 NW 21ST PL**     Mailing Address **15 NW 21ST PL**
**OCALA**     **FL**     **34475**     **OCALA**     **FL**     **34475**
Phone     Phone

| Residence Status **US** | SSN ▓▓▓ | Drivers License **B50055090050-0** | DL State **FL** |
|---|---|---|---|
| State ID No. ▓▓▓ | FBI No. | Other ID | DOC No. |

Date of Birth **2/10/1990**     Age **35**     Sex **M**     Race **B**     Ethnicity **N**     Height **5-07**     Weight **180**     Build **MEDIUM**
Eyes **BRO**     ☐ Glasses     Hair **BLK**     Style **WAVEY**     Length **SHORT**     Skin **DARK**
Facial Hair **CLEAN SHAV**     Teeth **WHITE**     Marital Status **SINGLE**     Religion **NO PREFERENCE**     Yrs Ed.
Place of Birth **OCALA**     Citizenship **US**     Gang

### CHARGES

Statute **812.014-2c6**     **VEH THEFT-GRAND THEFT OF MOTOR VEHICLE**     Level **F**     Degree **S**     Type **F**

| OBTS **4203200885** | Booking Case | Arrest Date/Time **3/30/2022 21:16** | ☐ Domestic |
|---|---|---|---|
| Arrest Location **3130 SW 27TH AV** | | Arresting Agency ORI **FL0420100** | |
| Arresting Officer **ZAINO** | | Arresting Agency Case No. **202200042146** | |

Warrant     Type     Warrant     Citation
Other Chargeable Offense     **GRAND THEFT OF A MOTOR VEHICLE**
End Of Sentence Date: _____     Bond # **1**     Bond Amount **$0.00**     Cash     Bond Type **ROR**
Court Case **22CF1208**     Court Date **10/21/2022**     Judge **BRIGHAM**     Court Venue

Disposition **COURT FINDS THE DEFENDANT COMPETENT TO PROCEED. ORE TENUS MOTION TO SET BOND IS GRANTED. DEFENDANT IS TO BE ROR AS TO EACH COUNT TODAY DEFENDANT MUST REPORT TO SMA HEALTH BY TUESDAY, OCTOBER 25 DEFENDANT IS TO TAKE ALL MEDICATIONS PRESCRIBED BY A DOCTOR AS DIRECTED DEFENDANT IS TO RESIDE WITH HIS FAMILY**

Comments
**Cleared   ROR**     Cleared Comments

Statute **784.07-2b**     **BATTERY-ON OFFICER FIREFIGHTER EMT ETC**     Level **F**     Degree **S**     Type **F**

| OBTS **4203200885** | Booking Case | Arrest Date/Time **3/30/2022 21:16** | ☐ Domestic |
|---|---|---|---|
| Arrest Location **3130 SW 27TH AV** | | Arresting Agency ORI **FL0420100** | |
| Arresting Officer **ZAINO** | | Arresting Agency Case No. **202200042146** | |

Warrant     Type     Warrant     Citation
Other Chargeable Offense     **BATTERY ON LEO**
End Of Sentence Date: _____     Bond # **2**     Bond Amount **$0.00**     Cash     Bond Type **ROR**
Court Case **22CF1208**     Court Date **10/21/2022**     Judge **BRIGHAM**     Court Venue

Disposition **COURT FINDS THE DEFENDANT COMPETENT TO PROCEED. ORE TENUS MOTION TO SET BOND IS GRANTED. DEFENDANT IS TO BE ROR AS TO EACH COUNT TODAY DEFENDANT MUST REPORT TO SMA HEALTH BY TUESDAY, OCTOBER 25 DEFENDANT IS TO TAKE ALL MEDICATIONS PRESCRIBED BY A DOCTOR AS DIRECTED DEFENDANT IS TO RESIDE WITH HIS FAMILY**

Comments
**Cleared   ROR**     Cleared Comments

### HOLDS INFORMATION

### SCARS/MARKS/TATTOOS

| Code | Description | Comment |
|---|---|---|

### ALIAS INFORMATION

| Name | | DOB | SSN |
|---|---|---|---|
| | | 02/10/1989 | |

### EMPLOYMENT

# Marion County Sheriff's Office



## BOOKING REPORT - 2200002682   - BOONE, MATTHEW JEROME

Location: **RELEASED**      Total Bond Amount: **$0.00**

Employer **TELECOM SERVICE BUREAU**                Address

Phone

Occupation                                How Long          ☐ Part Time        ☐ Student

## VEHICLE

| License | State | Veh.Year | Make | Model | Style | Color |
|---------|-------|----------|------|-------|-------|-------|

Impound                                              Phone

Address                                              ☐ Hold on Vehicle      Hold Agency

Comments

## BOOKING COMMENTS

## LEGAL REPRESENTATION

Attorney Name                                      Phone                  ☐ Phone Call Made

## NEXT OF KIN

|        | Name | Home Phone | Work Phone | Address |
|--------|------|-----------|-----------|---------|
| MOTHER | GRIMMAGE, LATONYA | | (352)484-8115 | |
| G-MOTHER | BOONE, ALTA | | (352)361-6873 | |

## NOTIFICATION

**VICTIM**      Name  **MOORE, ROBERT CPL**                 Address  **MCSO/DETENTION**

Home  ▮▮▮▮▮▮▮

Work Phone

_____      _____
           Officer Signature                          Inmate Signature

_____ I authorize the Sheriff & staff to open & inspect all mail or packages which are addressed to me at the Jail. _____ I have been given a Jail Rules and Regulations Handbook & understand that I may be disciplined for any action.

Exhibit B

# Marion County Sheriffs Office
# Use of force Report

## Incident Details

| | |
|---|---|
| Date Received | 03/30/2022 |
| Entered By | MASTER SGT JOANNE DIAZ - 4488 |
| Date/Time of Occurrence | 03/30/2022 21:40 |
| Date/Time Entered | 04/01/2022 00:33 |
| Record ID Number | 22911 |
| Case No | 220001662 |
| IA No | UOF22-133 |
| Marion County SO GreenTeam Assigned Investigator | [Pending assignment] |
| IAPro Assigned Investigator | Unassigned |

## Incident Location

| | |
|---|---|
| Location of Occurrence | Detention Facility |

3290 Northwest 10th Street
Ocala, FL, 34475

-82.17759, 29.19531



## Incident Summary

On 3/30/22, at 2140 hours Corporals Snyder, Muti, Moore and Deputy McMiller were in Booking changing room 1010-A giving belligerent Inmate Matthew Boone several orders to comply with strip search procedures, he did not comply. Corporal Moore gave Inmate Boone a final order to complete a strip search or he would be pepper sprayed. Inmate Boone refused to comply. Corporal Moore applied a burst of pepper spray to Inmate Boone's facial area. Inmate Boone became combative and kicked Corporal Moore several times striking him in the groin. Corporal Muti delivered an elbow strike to Inmate Boone's torso area in order to stop his active resistance. Corporal Muti's strike was ineffective and Inmate Boone continued his combative demeanor. Corporal Snyder used a closed fist to Inmate Boone's right arm in an attempt to gain compliance but he continued to kick deputies. At 2144 hours, Deputy McMiller applied a burst a pepper spray to Inmate Boone's facial area, which did not yield the desired effect. Corporal Muti delivered a front kick strike to Inmate Boone's left leg thigh, which gained the intended effect. Inmate Boone's became complaint and completed a strip search.

Inmate Boone was provided a decontamination shower from 2150 hours until 2205 hours, in Booking. Nurse Little evaluated Inmate Boone, noting no injuries. Deputy Moore initiated and Deputy Newton completed an Inspection of Confinement Log for the decontamination and constant observation of Inmate Boone, which began at 2140 hours, and ended at 2235 hours. Inmate Boone was placed on Suicide Precaution and housed in the Infirmary without further incident.

Corporal Snyder injured his right index finger during this incident. Corporal Snyder decline medical treatment. A first report of injury was completed and forwarded to Human Resources.

Corporal Moore decline medical treatment for being kicked in the groin. A first report of injury was completed and forwarded to Human Resources.

Lieutenant McNeely and I reviewed all available video of this incident. All deputies involved were individually interviewed and agreed with the original incident report. Both deputies' statements and reports are consistent with the available video.  All aspects of this incident are within operational guidelines; No further investigation is necessary.

## Use of Force Details

| | | | |
|---|---|---|---|
| More Than 1 Citizen Involved | No | Reason For Using Force | Combative Subject |
| Citizen Arrested | No | Distance to Citizen | 0 to 1 foot |
| Officer(s) Injured | Yes | Citizen Injured | No |
| Officer(s) Taken to Hospital | No | Citizen Taken to Hospital | No |
| Service Being Rendered | Control Inmate | Citizen Build | Large |
| Weather Condition | Indoors | Citizen Height | 5'7" to 5'9" |
| Light Condition | Indoor Lighting | Citizen Influence Assessment | Unknown |

## Reporting/Involved Citizen

### Matthew Boone

| | | | |
|---|---|---|---|
| Date of Birth | 02/10/1990 | Gender | Male |
| Race | Black | Ethnicity | — |
| Role | Inmate | | |

| Address | [None Entered] | Phone Numbers | [None Entered] |
|---|---|---|---|

Email

Type of Resistance
Citizen Used Against
Officer

Active Resistance

Agg. Physical

Disruptive

Behavior

Physical

Injuries Sustained By Citizen

No injuries noted or visible

Points

## Involved Officers

### CORPORAL GEORGE SNYDER - 3012

(Data at the time of incident)

| Assignment | CORPORAL DETENTION/DETENTION DEPUTY/3010/ |
|---|---|
| Video Footage | Not Applicable (Explain) |
| Policy Outcome | Not yet entered |
| Role | Back-Up |
| Height | — |
| Weight | — |

Force used by this Officer against Citizen

- Physical - Force Effective: No — Points: 1



Injuries Sustained By Officer

Observable Injury
Points
1



## DET DEP II NICHOLAS MUTI - 5860

(Data at the time of incident)

Assignment     DET DEP II DETENTION/DRT/3010

Video
Footage        Not Applicable (Explain)

Policy
Outcome        Not yet entered

Role           Back-Up

Height         —

Weight         —

Force used by this Officer against Citizen

- ○ Physical - Force Effective: No — Points: 1
- ○ Physical - Force Effective: Yes — Points: 2



**Missed**

Injuries Sustained By Officer

No injuries noted or visible

Points

## DET DEP III ROBERT MOORE - 6007

(Data at the time of incident)

| | |
|---|---|
| Assignment | DET DEP III DETENTION/DETENTION DEPUTY/3010 |
| Video Footage | Not Applicable (Explain) |
| Policy Outcome | Not yet entered |
| Role | Primary |
| Height | — |
| Weight | — |

Force used by this Officer against Citizen

○ OC Spray - Force Effective: No — Points: 1



Injuries Sustained By Officer

No injuries noted or visible

Points

## DET DEPUTY XAVIER MCMILLER - 6361

(Data at the time of incident)

| | |
|---|---|
| Assignment | DET DEPUTY DETENTION/DRT/3010 |
| Video Footage | Not Applicable (Explain) |
| Policy Outcome | Not yet entered |
| Role | Back-Up |
| Height | — |
| Weight | — |

Force used by this Officer against Citizen

- OC Spray - Force Effective: No — Points: 1



**Injuries Sustained By Officer**

No injuries noted or visible
Points

## Citizen Witnesses

### John Little

| | | | |
|---|---|---|---|
| Date of Birth | 02/02/1992 | Gender | Male |
| Race | White | Ethnicity | — |
| Role | Employee | | |
| Address | 3290 Northwest 10th Street Ocala, FL, 34475 | Phone Numbers | (352) 351-8077 |

Attachments

| Date Attached | Attachment Description | Attachment Type |
|---|---|---|
| 04/01/2022 | Boone's Inspection of confinement | pdf |

## Assignment History

| 05/02/2022 12:32 | BS | Captain B Spivey<br>Field status changed in IAPro from To IA to Released |
|---|---|---|
| 05/02/2022 12:32 | BS | Captain B Spivey<br>Released back to IAPro |

## Chain of Command History

| 04/01/2022 02:18 | JD | SERGEANT JOANNE DIAZ » LT. MATTHEW MCNEELY<br>Please review. |
|---|---|---|
| 04/01/2022 02:51 | MM | LT. MATTHEW MCNEELY<br>For your review.<br><br>Signature Line<br><br>_____ |
| 04/01/2022 02:51 | MM | LT. MATTHEW MCNEELY » CAPTAIN RONALD BURNETT<br>For your review. |
| 04/05/2022 06:07 | RB | CAPTAIN RONALD BURNETT<br>[Forwarded by CAPTAIN RONALD BURNETT]<br><br>Signature Line<br><br>_____ |
| 04/05/2022 06:07 | RB | CAPTAIN RONALD BURNETT » CAPTAIN BRIAN SPIVEY<br>A review of all available video reflected no identifiable conflicts with the report. |
| 04/05/2022 08:06 | BS | CAPTAIN BRIAN SPIVEY<br>[Forwarded by CAPTAIN BRIAN SPIVEY]<br><br>Signature Line<br><br>_____ |



Signature Line

_____

**04/25/2022 07:03** — DB — Ins. Sgt. DUSTIN BOWERS » SERGEANT JOANNE DIAZ
Corporal Snyder needs a "Force used" page

**04/28/2022 05:34** — JD — SERGEANT JOANNE DIAZ
Please review.

Signature Line

_____

**04/28/2022 05:34** — JD — SERGEANT JOANNE DIAZ » Ins. Sgt. DUSTIN BOWERS
Please review.

**04/28/2022 06:53** — DB — Ins. Sgt. DUSTIN BOWERS
Approved

Signature Line

_____

**04/28/2022 06:53** — DB — Ins. Sgt. DUSTIN BOWERS » CAPTAIN BRIAN SPIVEY
Approved

**05/02/2022 12:06** — BS — CAPTAIN BRIAN SPIVEY
Reviewed by Sgt. Bowers

Signature Line

_____

**Assigned Investigator Signature Line**

_____

[Pending assignment]

Exhibit C



# MARION COUNTY SHERIFF'S OFFICE

### INSPECTION OF CONFINEMENT

Inmate Name: __ Mathew Boone _____     ☐ Administrative

POD: _ _____     SECTION: __ ____ CELL: _ _____     ☐ Disciplinary

DATE IN: __ _____ DATE OUT: __ _____     ☐ Suicide Precaution

| DATE | TIME | ID# | REMARKS | DATE | TIME | ID# | REMARKS |
|------|------|-----|---------|------|------|-----|---------|
| 3/30 | 2140 | 6007 | I/m Sprayed | | | | |
| 3/30 | 2145 | 6361 | Strip search Completed | | | | |
| 3/30 | 2150 | 6007 | Decon Shower Started | | | | |
| 3/30 | 2205 | 6007 | Shower Completed | | | | |
| 3/30 | 2206 | 6007 | checked by Change unused attile | | | | |
| 3/30 | 2216 | 6007 | I/m taken to Infirmary | | | | |
| 3/30 | 2225 | 5951 | Constant obs. Cont. | | | | |
| 3/30 | 2235 | 6229 | Constant obs Complete | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Billy Woods, Sheriff**     MCSO Form #14-150  Rev 01/22/17

PO Box 1987, Ocala, Florida 34478-1987  Main Office: 352-732-8181  Civil: 352-402-6025  Emergency Management: 352-369-8100  Jail: 352-351-8077

Exhibit D

# Marion County Sheriff's Office

## Incident Report #  220001662

| Incident Type | Location | Incident Date | Officer ID | Officer Name | Entry Date |
|---|---|---|---|---|---|
| DISTURBANCE | BOOKING | 03/30/2022 21:30 | 6007 | MOORE, R | 03/30/2022 23:46 |

| Supervisor ID / Name | Supervisor Date | Watch ID / Name | Watch Date | Assigned To | Assigned Date |
|---|---|---|---|---|---|
| 4488  DIAZ, J | 04/09/2022 14:06 | 4489  MCNEELY, M | 04/14/2022 05:35 | | 03/31/2022 00:13 |

### Narrative

On 03/30/2022, at approximately 2130 hours, I responded to Booking due to a non-compliant new Intake  Inmate Matthew Boone. Inmate Boone was resistant, not complying with verbal orders given to him to perform standard pat down and intake procedures. Inmate Boone was escorted by Detention Deputy McMiller and , placed on the scanner and rapid ID completed. Inmate Boone was then taken to change out room 1010A by Corporal Snyder, Detention Deputy McMiller, Detention Muti and I. Once in the change out room hand restraints were removed, Inmate Boone refused to comply with the strip search procedures by not removing his clothes. After multiple attempts to get Inmate Boone to comply he still refused to comply with the strip search procedures. I gave Inmate Boone a final order to comply with all orders given or he would be peppered sprayed, which Inmate Boone refused.  At 2140 hours, I applied a burst of pepper spray to Inmate Boone's facial area. Inmate Boone then became combative towards Detention Deputies. While attempting to restrain Inmate Boone he began to kick his legs and struck me in the groin with his foot. Inmate Boone attempted to kick me a second time but missed. Inmate Boone was then taken to the ground to gain better control by the other Detention Deputies. Inmate Boone then was the strip search, placed in leg restraints, and the strip search procedure was completed without further incident . Inmate Boone was provided a decontamination shower from 2140 hours to 2205 hours. I initiated and maintained an Inspection of Confinement Log for the decontamination and constant observation of Inmate Boone, which began at 2140 hours and ended at 2235 hours. Inmate Boone was seen by Charge Nurse Little who noted no injuries. Inmate Boone was then transported to the Infirmary without incident and housed in the Infirmary in cell 110. Sergeant Diaz was present and approved of all actions.

## Victims/Subjects

### Officers

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 3012 | SNYDER | G | | BOOKING | | A-2 | | |

Comments    ASSISTING CORPORAL

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 6361 | MCMILLER | | | G | | A-2 | | |

Comments    ON 3/30/22 APPROXIMATELY 2130 I ARRIVED IN BOOKING DUE TO A COMBATIVE INMATE. IASSISTED WITH TRANSPORTING INMATE BOONEE TO THE SCANNER, RAPID ID , AND CHANGEOUT ROOM 1010A. I ASSISTED  WITH TRANSPORTING INMATE BOONE TO THE INFIRMARY FOR HOUSING. THIS CONCLUDES MY INVOLVEMENT

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 6007 | MOORE | R | | H | | A-1 | | |

Comments    REPORTING CORPORAL

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Comments    ASSISTING DETENTION DEPUTY

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 5860 | MUTI | N | | BOOKING | | A-2 | | |

Comments    DETENTION DEPUTY

## Inmates

# Marion County Sheriff's Office

## Incident Report #  220001662

| Inmate ID No | Booking No | Last Name | First Name | Middle Name | Sex | Race | Classification | Location |
|---|---|---|---|---|---|---|---|---|
| A0114358 | 2200002682 | BOONE | MATTHEW | JEROME | M | B | MED-UNCLASS | INFB110B |

**Comments**

---

## Supplement Reports

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 6229 | NEWTON, L | INFO | 03/31/2022 01:28 |

**Narrative**

On 3/30/22, while in the Infirmary, at approximately 2235 hours,  I assisted with maintaining constant visual on Inmate Matthew Boone completing his constant observation period.

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 5563 | PALAU, I | INFO | 03/31/2022 09:27 |

**Narrative**

On 3/31/22 I reviewed the jail security video footage and it was saved.

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 5951 | THOMPSON, K | INFO | 03/31/2022 16:35 |

**Narrative**

On 3/30/2022, I assisted with the decontamination and constant observation of Inmate Boone.

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 5860 | MUTI, N | INFO | 03/31/2022 23:55 |

**Narrative**

On 03/30/2022 at approximately 2130 hours, I responded to the Booking Vestibule due to a non-compliant inmate being brought in by OPD Officers. The inmate was identified as Inmate Matthew Boone. Inmate Boone was resistant, not complying with verbal orders given to him to perform standard pat down and intake procedures. Once in changing room 1010A, Inmate Boone was given multiple orders to comply with strip search procedures. Inmate Boone refused. Inmate Boone was sprayed and became combative. During this time, he kicked at Deputy Moore multiple times, landing one kick in the groin. I delivered a distractionary strike to Inmate Boone's torso area to take him to the ground, which was unsuccessful. In the struggle, Inmate Boone did fall to the ground and again attempted kicking again at other deputies. I delivered a distractionary strike to Inmate Boone's left leg and he was placed in leg restraints, then became compliant. The strip search procedure was completed without further incident. I assisted in transporting Inmate Boone to be screened by Charge Nurse Little, then later to the infirmary to be housed in cell 110 without incident. This concludes my involvement.

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 6361 | MCMILLER, X | INFO | 04/01/2022 01:21 |

**Narrative**

ON 3/30/22 APPROXIMATELY 2130 I ARRIVED IN BOOKING DUE TO A COMBATIVE INMATE. IASSISTED WITH TRANSPORTING INMATE BOONEE TO THE SCANNER, RAPID ID , AND CHANGEOUT ROOM 1010A. INMATE BOONE BECAME COMBATIVE DURING THE STRIP SEARCH BY NOT COMPLYING WITH ORDERS, I APPLIED ONE BURST OF PEPPER SPRAY TO THE FACIAL AREA OF INMATE BOONE. I ASSISTED  WITH TRANSPORTING INMATE BOONE TO THE INFIRMARY FOR HOUSING. THIS CONCLUDES MY INVOLVEMENT

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 3012 | SNYDER, G | | 04/01/2022 02:31 |

**Narrative**

On 3/30/22 at approximately 2130 hours, I was assisting deputies in the Booking Dress out room 1010A.  Inmate Matthew Boone was being non-compliant not removing his clothing, so a strip search could be completed.  While Inmate Boone was on the floor he wouldn't remove his pants as ordered, and would not let staff remove them either due to him grabbing hold of the belt loops with his hands.  I gave multiple verbal commands for him to let go of his pants so they can be removed and he continued to refused.  I delivered several distractionary strikes with my closed right hand to Inmate Boone's upper right arm, injuring my right finger in the process.  Eventually Inmate Boone's clothing was removed, and a strip search completed and a decontamination shower conducted.

## Disciplinary Reports

# Marion County Sheriff's Office

## Incident Report #  220001662

# Marion County Sheriff's Office

## Incident Report #  220001679

| Incident Type | Location | Incident Date | Officer ID | Officer Name | Entry Date |
|---|---|---|---|---|---|
| DISTURBANCE | INF | 03/31/2022 10:00 | 5767 | WELCH, Z | 03/31/2022 14:12 |

| Supervisor ID / Name | Supervisor Date | Watch ID / Name | Watch Date | Assigned To | Assigned Date |
|---|---|---|---|---|---|
| 1205   FLAHERTY, B | 04/10/2022 02:58 | 5163   JOHNSON, K | 04/09/2022 01:44 | 1205 | 03/31/2022 14:12 |

**Narrative**

On 3/31/21, at approximately 1000 hours, while assigned to Medical Observation in the back of the Infirmary, I was returning Inmate Mathew Boone to cell 111 when Inmate John Karem attempted to block us from putting Inmate Boone in the room. I placed Inmate Karem in hand restraints and removed him from the cell. Inmate Boone was placed in the cell and when I attempted to return Inmate Karem to the cell he attempted to pull away from me. Deputy Potts and I placed him against the wall to gain better control. Inmate Karem continued to resist our efforts and was taken to the floor. I placed leg restraints on Inmate Karem and the E.R.B. (Emergency Response Belt), with assistance from Deputy Nelson. Inmate Karem was evaluated by Charge Nurse Ramos and was cleared noting no injuries. Inmate Karem was escorted to Alpha Echo and housed per Sergeant Flaherty.

**Victims/Subjects**

**Officers**

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 5767 | WELCH | ZACHARY | | | | | | |

Comments

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 6401 | NELSON | RICHARD | | | | | | |

Comments

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 6583 | POTTS | JOHN | | | | | | |

Comments

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| JAIL160 | RAMOS | DORISVEL | | | | | | |

Comments   CHARGE NURSE

**Inmates**

| Inmate ID No | Booking No | Last Name | First Name | Middle Name | Sex | Race | Classification | Location |
|---|---|---|---|---|---|---|---|---|
| A0216951 | 2200002562 | KAREM | JOHN | AARON | M | W | 3-HIGH MEDIUM | AE139 |

Comments

| Inmate ID No | Booking No | Last Name | First Name | Middle Name | Sex | Race | Classification | Location |
|---|---|---|---|---|---|---|---|---|
| A0114358 | 2200002682 | BOONE | MATTHEW | JEROME | M | B | 3-HIGH MEDIUM | INFB111A |

Comments

**Supplement Reports**

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 6401 | NELSON, R | | 03/31/2022 15:42 |

**Narrative**

On 3/31/21, at approximately 1000 hours while assisting Corporal Welch with returning Inmate Boone to his cell, Inmate Karem attempted to block us from Placing Boone In the cell. After Corporal Welch Placed Inmate Karem in hand restraints he continued to resist us. At this time I assisted with taking Inmate Karem to the floor. I assisted Coporal Welch with placing Inmate Karen In the E.R.B (Emergency Response Belt). Detention Deputy Couture and I then escorted Inmate Karem to Alpha

# Marion County Sheriff's Office

## Incident Report #  220001679

Pod Echo Section where he was rehoused per Sgt. Flaherty.

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 6583 | POTTS. J | INFO | 03/31/2022 15:43 |

**Narrative**

On 3/31/21, at approximately 1000 hours, I was assisting with a disturbance in Infirmary. Inmate John Karem was resisting when being placed back in his cell. Corporal Welch and I put Inmate Karem against the wall to gain better control. Inmate Karem kept resisting and was placed on the floor. I then assisted with the escort of Inmate Karem to Alpha Pod Echo Section where he was housed.

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 6342 | COUTURE, M | INFO | 03/31/2022 16:12 |

**Narrative**

I assisted by controlling Inmate John Karem feet until Detention Deputy Welch applied leg restraints.

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 5563 | PALAU, I | INFO | 04/01/2022 08:45 |

**Narrative**

On 4/1/22 I reviewed the jail security video footage of this incident and it was saved.

**Disciplinary Reports**

# Marion County Sheriff's Office

## Incident Report #  220001769

| Incident Type | Location | | Incident Date | Officer ID | Officer Name | | Entry Date | |
|---|---|---|---|---|---|---|---|---|
| DISTURBANCE | INF | | 04/04/2022 07:14 | 5951 | THOMPSON, K | | 04/04/2022 08:46 | |

| Supervisor ID / Name | Supervisor Date | Watch ID / Name | | Watch Date | | Assigned To | | Assigned Date |
|---|---|---|---|---|---|---|---|---|
| 5595   LAND, E | 04/13/2022 04:45 | 4489   MCNEELY, M | | 04/14/2022 05:23 | | | | 04/04/2022 08:46 |

**Narrative**

On 4/4/2022, at 0709 hours, I was assisting Deputy Frye in conducting strip search procedures on Suicide Precaution Inmate Matthew Boone in Infirmary Cell 111. Inmate Boone was ordered several times to stand up and comply with the search. Inmate Boone ignored our orders and remained lying on the floor. Deputy Frye and I attempted to assist Inmate Boone to his feet. Inmate Boone resisted by dropping his weight and not releasing his hold on his blanket. Deputy Frye applied hand restraints to Inmate Boone, we assisted him to his feet and placed him against the wall in the back of the cell. Deputy Frye and I ordered Inmate Boone several times to open his mouth to allow us to see inside. Inmate Boone eventually complied. I ordered Inmate Boone to squat and cough, as it is required for a suicide precaution search. Inmate Boone refused and began to tense his body and push and pull from our grasps while staring at me aggressively. I ordered Inmate Boone to squat and cough several times and he refused to comply. I ordered Inmate Boone to squat and cough or he would be pepper sprayed and I began to remove the Suicide Precaution smock from under his feet. Inmate Boone refused to squat and cough but attempted to prevent me from removing the Suicide Precaution smock from underneath his feet. I applied a burst of pepper spray to the facial area of Inmate Boone. I continued to order Inmate Boone to complete the search by squatting and coughing several more times. Inmate Boone refused. I ordered Inmate Boone to squat and cough or he would be pepper sprayed again. He continued to refuse my orders. I applied a second burst of pepper spray to the facial area of Inmate Boone. Deputy Frye and I continued to counsel Inmate Boone and order him to complete the search. He continued to refuse. Deputy Frye and I escorted Inmate Boone to the shower in the Infirmary. Inmate Boone continued to tense his body and pull away from our grasps. Deputy Frye and I placed Inmate Boone in the Infirmary shower and ordered him to complete the search by squatting and coughing. Inmate Boone eventually complied.

Inmate Boone was provided a decontamination shower from 0721 hours, unitl 0736 hours. I initiated, and Deputy Newton maintained, an Inspection of Confinement Log for the decontamination and constant observation of Inmate Boone, which began at 0721 hours, and ended at 0806 hours. Inmate Boone was evaluated by Nurse Ramos, noting no injuries.

**Victims/Subjects**

**Officers**

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 6229 | NEWTON | LISA | | | | | | |

**Comments**

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 6375 | FRYE | TOMMY | | | | | | |

**Comments**

**Inmates**

| Inmate ID No | Booking No | Last Name | First Name | Middle Name | Sex | Race | Classification | Location |
|---|---|---|---|---|---|---|---|---|
| A0114358 | 2200002682 | BOONE | MATTHEW | JEROME | M | B | 3-HIGH MEDIUM | INFB111A |

**Comments**

**Supplement Reports**

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 6229 | NEWTON, L | INFO | 04/04/2022 11:48 |

**Narrative**

On 4/04/22, while in the Infirmary, at approximately 0744 hours, I assisted with maintaining constant visual on Inmate Matthew Boone completing his constant observation period.

# Marion County Sheriff's Office

## Incident Report #  220001769

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 6375 | FRYE, T | INFO | 04/04/2022 12:25 |

**Narrative**

On april 4,2022, at 0709 hours, I was conducting cell inspections when Inmate Boone, Matthew was pepper sprayed do to his refusal to conduct a strip search. After he was sprayed i placed him in hand restraints and escorted him to the shower.

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 5563 | PALAU, I | INFO | 04/05/2022 09:48 |

**Narrative**

On 4/5/22 I reviewed the jail security video footage of this incident and it was saved.

**Disciplinary Reports**

# Marion County Sheriff's Office

## Incident Report #  220001843

| Incident Type | Location | Incident Date | Officer ID | Officer Name | Entry Date |
|---|---|---|---|---|---|
| DISTURBANCE/SOG RESP | MED D | 04/06/2022 19:30 | 5957 | DAVIS, J | 04/06/2022 20:50 |

| Supervisor ID / Name | Supervisor Date | Watch ID / Name | Watch Date | Assigned To | Assigned Date |
|---|---|---|---|---|---|
| 5305  HAGOOD, J | 04/12/2022 02:56 | 4830  MOSHER JR., K | 04/15/2022 20:21 | | 04/06/2022 20:51 |

### Narrative

On 4/6/22 at 1930, Lt. Mosher activated the Detention Response Team to respond to Medical Pod, Delta Section. Upon arrival, Lt. Mosher briefed the team that Inmate Matthew Boone was refusing all attempts for cell inspection. The team proceeded to cell 101 at 1942 hours, where Inmate Boone is housed. I informed him that we were there due to his failure to comply with staff orders and asked if he would comply with mine, but he refused. I advised that I would be forced to send the team in and physically remove him from the cell if he did not comply, but he refused. I then ordered him to comply with my orders, and again he refused. I informed the team we had a non-compliant inmate. Lt. Mosher opened the cell door, and Inmate Boone was on his bunk. Team Member One grasped Inmate Boone, and he was escorted to the ground. I grasped Inmate Boone's right arm. Team member one grasped his left arm, and team member two grasped both legs. I applied hand restraints, and the team assisted Inmate Boone to his feet. A strip search was conducted, and the cell search was completed. He was then escorted to the dayroom table where Nurse Brooks evaluated him and she noted no injuries. He was escorted back to his cell, and the hand restraints were removed. The team exited the cell without further incident. This concludes the team's involvement in this incident.

Team Leader
Davis 5957
Team Member One
Keaton 6118
Team Member Two
Rodriguez 6084

### Victims/Subjects

| First Name | Middle | Last Name | Suffix | |
|---|---|---|---|---|
| NURSE | | BROOKS | | |

| Address | | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

| Home Phone | Work Phone | DL Number | SSN | DOB |
|---|---|---|---|---|
| | | | | |

Comments

### Officers

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 5957 | DAVIS | J | | A | | B-2 | | |

Comments

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 6084 | RODRIGUEZ | TRISTAN | | A | | B-2 | | |

Comments

# Marion County Sheriff's Office

## Incident Report #  220001843

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 6118 | KEATON | DARRYL | | G | | B-2 | | |
| **Comments** | | | | | | | | |

| Officer ID | Last Name | First Name | Middle Name | Post | Supervisor | Shift | Action Taken | Report Type |
|---|---|---|---|---|---|---|---|---|
| 4830 | MOSHER JR. | KENNETH | | | | | | |
| **Comments** | WATCH COMMANDER | | | | | | | |

### Inmates

| Inmate ID No | Booking No | Last Name | First Name | Middle Name | Sex | Race | Classification | Location |
|---|---|---|---|---|---|---|---|---|
| A0114358 | 2200002682 | BOONE | MATTHEW | JEROME | M | B | 3-HIGH MEDIUM | MEDD101B |
| **Comments** | | | | | | | | |
| A0114358 | 2200002682 | BOONE | MATTHEW | JEROME | M | B | 3-HIGH MEDIUM | MEDD101B |
| **Comments** | | | | | | | | |

### Supplement Reports

| Officer ID | Officer Name | Supplement Type | Supplement Date |
|---|---|---|---|
| 5212 | MCLAIN, N | FOLLOW UP | 04/07/2022 08:27 |

**Narrative**

On 04/07/22 I located and saved the applicable video.

### Disciplinary Reports

Exhibit E

# Marion County Sheriffs Office
# Use of force Report

## Incident Details

| | |
|---|---|
| Date Received | 04/04/2022 |
| Entered By | SERGEANT EVAN LAND – 5595 |
| Date/Time of Occurrence | 04/04/2022 07:14 |
| Date/Time Entered | 04/04/2022 11:15 |
| Record ID Number | 22916 |
| Case No | 220001769 |
| IA No | UOF22-110 |
| Marion County SO GreenTeam Assigned Investigator | [Pending assignment] |
| IAPro Assigned Investigator | Unassigned |

## Incident Location

| | |
|---|---|
| Location of Occurrence | Detention Facility |

3290 Northwest 10th Street
Ocala, FL, 34475

-82.17759, 29.19531



Precinct: Detention Bureau

## Incident Summary

On 4/4/2022, at 0709 hours, Sergeant Thompson was assisting Deputy Frye in conducting a strip search on Suicide Precaution Inmate Matthew Boone in Infirmary Cell 111. Inmate Boone was ordered several times to stand up and conduct a strip search. Inmate Boone ignored their orders and remained lying on the floor. Deputy Frye and Sergeant Thompson attempted to assist Inmate Boone to his feet. Inmate Boone resisted by dropping his weight and not releasing his hold on his blanket. Deputy Frye applied hand restraints to Inmate Boone and they assisted him to his feet and placed him against the wall in the back of the cell. Deputy Frye and Sergeant Thompson ordered Inmate Boone several times to open his mouth so they could inspect inside. He complied. Sergeant Thompson then ordered Inmate Boone to squat and cough, as it is required during the strip search of a suicide precaution inmate. He refused and began to tense his body and push and pull from their grasps. Sergeant Thompson ordered Inmate Boone to squat and cough or he would be pepper sprayed. Inmate Boone refused to squat and cough and attempted to prevent Sergeant Thompson from removing the Suicide Precaution smock from

underneath his feet. Sergeant Thompson applied a burst of pepper foam to the facial area of Inmate Boone and ordered him to squat and cough several more times. Inmate Boone refused. Sergeant Thompson ordered Inmate Boone to squat and cough or he would be pepper sprayed again. He refused. Sergeant Thompson applied a second burst of pepper foam to the facial area of Inmate Boone. Sergeant Thompson and Deputy Frye continued to counsel Inmate Boone and ordered him to squat and cough. He refused. Sergeant Thompson and Deputy Frye escorted Inmate Boone to the shower in the Infirmary. Inmate Boone continued to tense his body and pull away from their grasps. Sergeant Thompson and Deputy Frye placed Inmate Boone in the Infirmary shower and ordered him to complete the strip search by squatting and coughing. Inmate Boone complied.

Inmate Boone was placed in the shower for decontamination from 0721 hours until 0736 hours. Sergeant Thompson started and Deputy Newton maintained an Inspection of Confinement Log from 0721 hours until 0806 hours. Inmate Boone was medically evaluated by Nurse Ramos. No injuries were noted.

There were no injuries to the staff or inmate during this incident. Captain Burnett and I reviewed all available video of this incident. All deputies involved were individually interviewed and agree with the original incident report. All deputy statements and reports are consistent with the video. All aspects of this incident are within operational guidelines; no further investigation is necessary

## Use of Force Details

| | | | |
|---|---|---|---|
| More Than 1 Citizen Involved | No | Reason For Using Force | Non Compliant |
| Citizen Arrested | No | Distance to Citizen | 1 feet to 3 feet |
| Officer(s) Injured | No | Citizen Injured | No |
| Officer(s) Taken to Hospital | No | Citizen Taken to Hospital | No |
| Service Being Rendered | Stopping Disturbance | Citizen Build | Medium |
| Weather Condition | Indoors | Citizen Height | 5'7" to 5'9" |
| Light Condition | Indoor Lighting | Citizen Influence Assessment | Unknown |

## Reporting/Involved Citizen

### Matthew Boone

| | | | |
|---|---|---|---|
| Date of Birth | 02/10/1990 | Gender | Male |

| | | | |
|---|---|---|---|
| Race | Black | Ethnicity | — |
| Role | Inmate | | |
| Address | [None Entered] | Phone Numbers | [None Entered] |
| Email | | | |

Type of Resistance
Citizen Used Against
Officer

Active Resistance
Verbal Non
Compliance

Injuries Sustained By Citizen

No injuries noted or visible
Points

## Involved Officers

### SERGEANT KENNETH THOMPSON - 5951

(Data at the time of incident)

| | |
|---|---|
| Assignment | SERGEANT DETENTION/JAIL/3010 |
| Video Footage | Not Applicable (Explain) |
| Policy Outcome | Not yet entered |
| Role | Primary |
| Height | — |
| Weight | — |

Force used by this Officer against Citizen

- ○ OC Spray - Force Effective: No — Points: 1
- ○ OC Spray - Force Effective: Yes — Points: 2



FRONT          BACK

Missed

Injuries Sustained By Officer

No injuries noted or visible
Points

## Citizen Witnesses

### Doris Ramos

| | | | |
|---|---|---|---|
| Date of Birth | 01/27/1977 | Gender | Female |
| Race | Hispanic | Ethnicity | — |
| Role | Employee | | |
| Address | 700 30th Avenue NW Ocala, FL, 34475 | Phone Numbers | [None Entered] |

## Officer Witnesses

### DET DEP III LISA NEWTON - 6229

| | |
|---|---|
| Assignment at time of incident | DET DEPUTY DETENTION/DETENTION DEPUTY/3010 |
| Video Footage | Not Applicable (Explain) |
| Role | Back-Up |
| Height | — |
| Weight | — |

Injuries Sustained By Officer

—

### CORPORAL TOMMY FRYE - 6375

| | |
|---|---|
| Assignment at time of incident | DET DEPUTY DETENTION/DETENTION/3010 |
| Video Footage | Not Applicable (Explain) |
| Role | Back-Up |
| Height | — |
| Weight | — |

Injuries Sustained By Officer

—

## Attachments

| Date Attached | Attachment Description | Attachment Type |
|---|---|---|
| 04/04/2022 | IM Boone Inspection of Confinement | docx |

## Assignment History

04/19/2022
08:31

BS

Captain B Spivey
Field status changed in IAPro from To IA to Released

04/19/2022
08:31

BS

Captain B Spivey
Released back to IAPro

## Chain of Command History

04/10/2022
07:42

EL

SERGEANT EVAN LAND » LT. MATTHEW MCNEELY
For Review

04/10/2022
11:34

MM

LT. MATTHEW MCNEELY
As discussed.

Signature Line

_____

04/10/2022
11:34

MM

LT. MATTHEW MCNEELY » SERGEANT EVAN LAND
As discussed.

04/10/2022
11:53

EL

SERGEANT EVAN LAND
Corrections made

Signature Line

_____

04/10/2022
11:53

EL

SERGEANT EVAN LAND » LT. MATTHEW MCNEELY
Corrections made

04/10/2022
12:13

MM

LT. MATTHEW MCNEELY
Sergeant Thompson was verbally counseled about staying aware of his surroundings and about placing himself in a bad position pertaining to this use of force. No policy violations noted.

Signature Line

_____

04/10/2022
12:13

MM

LT. MATTHEW MCNEELY » CAPTAIN BRIAN SPIVEY
For review.

04/13/2022
16:28

BS

CAPTAIN BRIAN SPIVEY
[Forwarded by CAPTAIN BRIAN SPIVEY]

Signature Line

_____

04/13/2022
16:28

BS

CAPTAIN BRIAN SPIVEY » Insp. Sgt Lauren Miley #5552
Please review and ensure compliance with agency policy. C1357

04/18/2022
16:07

LM

Insp. Sgt Lauren Miley #5552
Approved

Signature Line

_____

04/18/2022
16:07

LM

Insp. Sgt Lauren Miley #5552 » CAPTAIN BRIAN SPIVEY
Approved

04/19/2022
08:30

BS

CAPTAIN BRIAN SPIVEY
Reviewed by Sgt. Miley

Signature Line

_____

## Assigned Investigator Signature Line

_____

[Pending assignment]

Exhibit F

# MARION COUNTY  SHERIFF'S OFFICE

## *INSPECTION OF CONFINEMENT*

Inmate Name: __Boone, Matthew_____    ☐ **Administrative**

POD: _Inf_____ SECTION: __      ____ CELL: _111_____    ☐ **Disciplinary**

DATE IN: __4/4/22_____    DATE OUT: __4/4/22_____    ☐ **Suicide Precaution**

| DATE | TIME | ID# | REMARKS | DATE | TIME | ID# | REMARKS |
|------|------|-----|---------|------|------|-----|---------|
|  |  |  |  |  |  |  |  |
| 4/4/22 | 0721 | 5951 | I/M in shower |  |  |  |  |
| 4/4/22 | 0736 | 5951 | Shower complete |  |  |  |  |
| 4/4/22 | 0739 | 5951 | Checked by Charge Nurse Ramos |  |  |  |  |
| 4/4/22 | 0744 | 6229 | Laying in cell |  |  |  |  |
| 4/4/22 | 0754 | 6229 | Laying in cell |  |  |  |  |
| 4/4/22 | 0806 | 6229 | Observation complete |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

MCSO Form #14-150  Rev 01/22/17

**Billy Woods,** *Sheriff*

PO Box 1987, Ocala, Florida 34478-1987  Main Office: 352-732-8181  Civil: 352-402-6025  Emergency Management: 352-369-8100  Jail: 352-351-8077



## MARION COUNTY SHERIFF'S OFFICE

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

MCSO Form #14-150  Rev 01/22/17

**Billy Woods,** *Sheriff*

PO Box 1987, Ocala, Florida 34478-1987  Main Office: 352-732-8181  Civil: 352-402-6025  Emergency Management: 352-369-8100  Jail: 352-351-8077

Exhibit of

# Marion County Sheriffs Office
# Use of force Report

## Incident Details

| | |
|---|---|
| Date Received | 04/06/2022 |
| Entered By | SERGEANT Justin Hagood - 5305 |
| Date/Time of Occurrence | 04/06/2022 19:30 |
| Date/Time Entered | 04/06/2022 22:44 |
| Record ID Number | 22926 |
| Case No | 220001843 |
| IA No | UOF22-139 |
| Marion County SO GreenTeam Assigned Investigator | [Pending assignment] |
| IAPro Assigned Investigator | Unassigned |

## Incident Location

| | |
|---|---|
| Location of Occurrence | Detention Facility |

3290 Northwest 10th Street
Ocala, FL, 34475

-82.17687, 29.19463

## Incident Summary

On 4/6/2022, at 1930 hours, Lieutenant Mosher activated the Detention Response Team (DRT) on Inmate Matthew Boone due to noncompliance to follow strip search and cell inspection procedures in Medical Pod, Delta Section Cell #101. The team consisted of:

Team Leader - Corporal Davis #5957
Team Member #1 – Deputy Keaton #6118
Team Member #2 - Rodriguez #6084

The team proceeded to cell 101 at 1942 hours, and Corporal Davis proceeded with the DRT default orders. Inmate Boone refused to comply with all orders. The team entered the cell, and team member one made contact with Inmate Boone and escorted him to the floor. The team leader grasped Inmate Boone's right arm. Team member one grasped his left arm, and team member two grasped both legs. The team leader applied hand restraints, and the strip search and cell inspection were completed. Inmate Boone was escorted to the section dayroom,

where Charge Nurse Brooks evaluated him, noting no injuries. Inmate Boone was escorted back to Cell 101 without further incident.

There were no injuries to staff during this incident. Lieutenant Mosher and I reviewed all available videos of the incident. All deputies involved were interviewed and agreed with the original incident report. All deputies' statements and reports are consistent with the video. All aspects of this incident are within operational guidelines; no further investigation is necessary.

## Use of Force Details

| | | | |
|---|---|---|---|
| More Than 1 Citizen Involved | No | Reason For Using Force | Non-Complaince |
| Citizen Arrested | No | Distance to Citizen | 0 to 1 foot |
| Officer(s) Injured | No | Citizen Injured | No |
| Officer(s) Taken to Hospital | No | Citizen Taken to Hospital | No |
| Service Being Rendered | Control Inmate | Citizen Build | Medium |
| Weather Condition | Indoors | Citizen Height | 5'7" to 5'9" |
| Light Condition | Indoor Lighting | Citizen Influence Assessment | None detected |

## Reporting/Involved Citizen

### Matthew Boone

| | | | |
|---|---|---|---|
| Date of Birth | 02/10/1990 | Gender | Male |
| Race | Black | Ethnicity | — |
| Role | Inmate | | |
| Address | [None Entered] | Phone Numbers | [None Entered] |
| Email | | | |
| Type of Resistance Citizen Used Against Officer | Verbal Non Compliance | | |
| Charges Against Citizen | NONE | | |

Injuries Sustained By Citizen

No injuries noted or visible
Points

## Involved Officers

### DET DEPUTY DARRYL KEATON - 6118

(Data at the time of incident)

| | | |
|---|---|---|
| Assignment | DET DEPUTY DETENTION/DRT/3010 | |
| Video Footage | Activated/Captured/Reviewed | |
| Policy Outcome | Not yet entered | |
| Role | Assisting Deputy | |
| Height | — | |
| Weight | — | |
| Additional Snapshot Data | Officer was off-duty | No |
| | Officer was employed off-duty | No |
| | Officer was in uniform | Yes |
| Linked Allegations | Use of Force | |
| Actions taken | Non-applicable | |

Force used by this Officer against Citizen

   ◦  Physical - Force Effective: Yes — Points: 1, 2



Injuries Sustained By Officer

   No injuries noted or visible
     Points

## DET DEP II JARED DAVIS - 5957

(Data at the time of incident)

| | |
|---|---|
| Assignment | DET DEP II DETENTION/DRT/3010 |
| Video Footage | Activated/Captured/Reviewed |
| Policy Outcome | Not yet entered |
| Role | Assisting Deputy |
| Height | — |
| Weight | — |

| Additional Snapshot Data | Officer was off-duty | No |
|---|---|---|
| | Officer was employed off-duty | No |
| | Officer was in uniform | Yes |

| Linked Allegations | Use of Force |
|---|---|

| Actions taken | Non-applicable |
|---|---|

Force used by this Officer against Citizen

- Handcuffs - Force Effective: Yes — Points: 1, 2
- Physical - Force Effective: Yes — Points: 3



Injuries Sustained By Officer

No injuries noted or visible

Points

LT. KENNETH MOSHER JR. - 4830

(Data at the time of incident)

| | | |
|---|---|---|
| Assignment | LT. DETENTION/WATCH COMMANDERS/3010 | |
| Video Footage | Activated/Captured/Reviewed | |
| Policy Outcome | Not yet entered | |
| Role | Primary | |
| Height | — | |
| Weight | — | |
| Additional Snapshot Data | Officer was off-duty | No |
| | Officer was employed off-duty | No |
| | Officer was in uniform | Yes |
| Linked Allegations | Use of Force | |
| Actions taken | Non-applicable | |

Force used by this Officer against Citizen

- D.R.T. - Force Effective: Yes — Points: 1



Injuries Sustained By Officer

No injuries noted or visible

Points

## DET DEPUTY TRISTAIN RODRIGUEZ - 6084

(Data at the time of incident)

| | |
|---|---|
| Assignment | DET DEPUTY DETENTION/DETENTION DEPUTY/3010 |
| Video Footage | Activated/Captured/Reviewed |
| Policy Outcome | Not yet entered |
| Role | Assisting Deputy |
| Height | — |
| Weight | — |

| | | |
|---|---|---|
| Additional Snapshot Data | Officer was off-duty | No |
| | Officer was employed off-duty | No |
| | Officer was in uniform | Yes |

| | |
|---|---|
| Linked Allegations | Use of Force |

| | |
|---|---|
| Actions taken | Non-applicable |

Force used by this Officer against Citizen

- o Physical - Force Effective: Yes — Points: 1, 2



Injuries Sustained By Officer

No injuries noted or visible
Points

## Citizen Witnesses

## Natasha Brooke

| | | | |
|---|---|---|---|
| Date of Birth | Unknown | Gender | Female |
| Race | Black | Ethnicity | — |
| Role | Employee | | |
| Address | [None Entered] | Phone Numbers | [None Entered] |

## Attachments

No Attachments

## Assignment History

05/03/2022
13:56

Captain B Spivey
Field status changed in IAPro from To IA to Released

05/03/2022
13:56

Captain B Spivey
Released back to IAPro

## Chain of Command History

04/11/2022
21:19

SERGEANT Justin Hagood » LT. KENNETH MOSHER JR.
Please review

04/11/2022
22:03

LT. KENNETH MOSHER JR.
[Forwarded by LT. KENNETH MOSHER JR.]

Signature Line

_____

04/11/2022
22:03

LT. KENNETH MOSHER JR. » SERGEANT Justin Hagood
As discussed

04/11/2022
22:27

SERGEANT Justin Hagood
Corrected contact points of members as discussed.

Signature Line

_____



**04/11/2022 22:27** — JH

SERGEANT Justin Hagood » LT. KENNETH MOSHER JR.
Please review

**04/11/2022 22:29** — KM

LT. KENNETH MOSHER JR.
[Forwarded by LT. KENNETH MOSHER JR.]

Signature Line

_____

**04/11/2022 22:29** — KM

LT. KENNETH MOSHER JR. » CAPTAIN ROBERT WALTERS
Please review

**04/17/2022 10:36** — RW

CAPTAIN ROBERT WALTERS
A review of all available video reflects no identified conflicts with report.

Signature Line

_____

**04/17/2022 10:36** — RW

CAPTAIN ROBERT WALTERS » CAPTAIN BRIAN SPIVEY
Review

**04/18/2022 14:39** — BS

CAPTAIN BRIAN SPIVEY
[Forwarded by CAPTAIN BRIAN SPIVEY]

Signature Line

_____

**04/18/2022 14:39** — BS

CAPTAIN BRIAN SPIVEY » Ins. Sgt. DUSTIN BOWERS
Please review for policy compliance. C1357

**04/25/2022 12:13** — DB

Ins. Sgt. DUSTIN BOWERS
Approved

Signature Line

_____



04/25/2022
12:13

**DB**

Ins. Sgt. DUSTIN BOWERS » CAPTAIN BRIAN SPIVEY
Approved

04/26/2022
10:25

**BS**

CAPTAIN BRIAN SPIVEY
Reviewed by Sgt. Bowers

Signature Line

_____

**Assigned Investigator Signature Line**

_____

[Pending assignment]

# *SHERIFF* - Marion County
## DETENTION PERSONNEL POST ASSIGNMENTS

| DATE: 03/30/2022 | SHIFT: A-2 | WATCH COMMANDER: LIEUTENANT MCNEELY | |
|---|---|---|---|
| **SECTOR 1** | **SECTOR 2** | **SECTOR 3** | **SECTOR 4** |
| **SERGEANT** | **SERGEANT** | **SERGEANT** | **SERGEANT** |
| **THOMPSON** | **LAND** | **NELSON** | **DIAZ** |
| **G-DORM ROVER (*2)** | **ALPHA CONTROL (*2)** | **DELTA CONTROL (*1)** | **BOOKING (DD) (*2)** |
| MCMILLER (DRT) | CRESPO | **CLOSED** | MUTI (DRT) |
| ROBERTS (1800-0000) | WILLINGHAM | | SNYDER |
| SCHWEITZER (DRT 0000-0600) | | | ALLEN |
| | | | AGOSTO |
| | | | |
| **H-DORM ROVER (*2)** | **ALPHA ROVER (*3)** | **DELTA ROVER (*2)** | |
| MOORE | MARCELLO (DRT) | **CLOSED** | **BOOKING (DA) (*1)** |
| LINDER | ANDERSON (DRT) | | SPILLMAN |
| | JOSEY | | |
| | HENRY (1800-0144) | | **BOOKING HOUSING (DD) (*2)** |
| | | | **RUBBER ROOM I/M ROBBINS** |
| **MEDICAL DORM ROVER (*4)** | **BRAVO CONTROL (*1)** | **E/F CONTROL (*1)** | K. PEREZ (1800-2100) |
| FOERSTER | MAZYCK | RIPLEY M-OT | **CLASSIFICATIONS (*2)** |
| SUPPES | | | ENGLEMAN |
| WOMACK M-OT | | | FORMAN |
| GATYAS | **BRAVO ROVER (*3)** | **ECHO DORM ROVER (*2)** | **PROPERTY (*1)** |
| | FUENTES | VANHEUSEN | MARRERO |
| | TORRES | L. DAVIS | |
| **INFIRMARY ROVER (*1)** | DELACRUZ (2100-0600) | | **INTAKE CONTROL (*1)** |
| MCAFEE | | | BRYANT (L/D) |
| | | | |
| | **CHARLIE CONTROL (*1)** | **FOXTROT DORM ROVER (*2)** | **MASTER CONTROL (*1)** |
| **MED OBS** | REYES | ZIMMERMAN | K. DAVIS |
| SCHWEITZER (DRT 1800-0000) | | PRINCE | |
| ROBERTS (0000-0600) | | | |
| NEWTON | | | **FIRST APPEARANCE (Dayshift)** |
| | **CHARLIE ROVER (*2)** | | **CLOSED** |
| | BENNINGHOFF | **ENTRY SECURITY (7AM-7PM) (*1)** | **HOSPITAL / CENTERS** |
| **VIDEO VISITATION (I & A) (*1)** | HENDERSON | MCEWAN | **I/M BREITHAUPT AHO 588** |
| CASTOR OT | DELACRUZ (1800-2100) | | HENRY (0144-0600) |
| | K. PEREZ (2100-0600) | | |
| | **JUVENILE (*2)** | **CENTRAL CONTROL (*1)** | |
| **CLINIC** | SCOTT | COLOMBO | |
| **CLOSED** | GREEN M-OT | | |
| **STAFF DINING (NIGHTS) (*1)** | | | |
| **CLOSED** | | | |
| **LEAVE COMMENTS:** | **LEAVE COMMENTS:** | **BREAKS/OTHER:** | |
| L/D- DD BRYANT | 1 DD LIGHT DUTY | CASTOR- A CONTROL X2 | |
| V- DD KRAUSE | 1 DA VACATION | CASTOR- B CONTROL | |
| V- DD CICCI | 2 DD VACATION | CASTOR- C CONTROL | |
| V- DA SNIPES | 1 DD SICK | ECHO- E / F CONTROL | |
| S- DD T. FRYE | 1 I/M @ HOSPITAL / CENTERS | FOXTROT- CENTRAL | |
| | 7 I/M MED OBS | N/A- INTAKE | |
| | | HOTEL- MASTER | |
| | | BRAVO- INFIRMARY | **MANDATORY OVERTIME: (M-OT)** |
| | | FUENTES- JUV MALE | DD GREEN 11.50 OTP |
| | | CHARLIE- JUV FEMALE | DD WOMACK 11.50 OTP |
| | | BRAVO- MED OBS (NEWTON) | DA RIPLEY 9.50 OTP |
| | | | **OTHER OVERTIME:** |
| | | | DA CASTOR 11.50 OTP |

**PREA 115.13 REQUIRES WRITTEN JUSTIFICATION FOR ANY DEVIATION FROM THE (*) ASTERICK STAFFING PLAN.**

| | | | |
|---|---|---|---|
| AL-ADMIN LEAVE | H-HOSPITAL | OTP-OT PAID | V-ANNUAL LEAVE |
| B-BEREAVEMENT | M-MILITARY | S-SICK LEAVE | WC-WORKER'S COMP |
| C-COMP LEAVE | O-OTHER | SC-SCHOOL | Z-LEAVE WITHOUT PAY |
| F-FLEX TIME | OTC-OT COMP | T-TRAINING | |

Exhibit H

## *SHERIFF* - Marion County
### DETENTION PERSONNEL POST ASSIGNMENTS

| DATE: 3/31/22 | SHIFT: A-1 | WATCH COMMANDER: LT. JOHNSON | |
|---|---|---|---|
| **SECTOR 1** | **SECTOR 2** | **SECTOR 3** | **SECTOR 4** |
| **SERGEANT** | **SERGEANT** | **SERGEANT** | **SERGEANT** |
| SGT. FLAHERTY | SGT. DUKES | SGT. DUKES | SGT. KONOPINSKI |
| **G-DORM ROVER (*2)** | **ALPHA CONTROL (*2)** | **DELTA CONTROL (*1)** | **BOOKING (DD) (*2)** |
| KOSINSKI (DRT) | CURTIS | CLOSED | CONDRON |
| MILLER | VALENTIN | | BOWLEY |
| | | | JEAN |
| | | | |
| **H- DORM ROVER (*2)** | **ALPHA ROVER (*3)** | **DELTA ROVER (*2)** | **BOOKING (DA) (*1)** |
| POTTS | WELCH (DRT) 12-1800 | CLOSED | ALLEN |
| STRICKLAND | YANCEY | | RAFFERTY L/D |
| | DESANDO 6-1200 | | ELLSWORTH |
| | TAYLOR | | **BOOKING HOUSING (DD) (*2)** |
| | | | CLOSED |
| **MEDICAL DORM ROVER (*4)** | **BRAVO CONTROL (*1)** | **E/F CONTROL (*1)** | |
| WASHINGTON | D'ANDREA | JENTSCH | **CLASSIFICATIONS (*2)** |
| DAVISON | | | DAVIS |
| SAVAGE | | | BENITEZ |
| JAMES | **BRAVO ROVER (*3)** | **ECHO DORM ROVER (*2)** | **PROPERTY (*1)** |
| MCCALL 1200-1800 | COUTURE | MCCLURE | BLOUNT |
| | MOHAN | PARSON | BING (TRN) |
| **INFIRMARY ROVER (*1)** | | | **INTAKE CONTROL (*1)** |
| DENARDIS | | | LAMAR |
| | 2 DUE TO NO JUVENILES | | |
| | **CHARLIE CONTROL (*1)** | **FOXTROT DORM ROVER (*2)** | **MASTER CONTROL (*1)** |
| **MED OBS** | HAMILTON | WELLS (DRT) | TUCKER (FTO) |
| MCCALL | | NELSON | GIRON (TRN) |
| WELCH 0600-1200 | | | |
| DESANDO 1200-1800 | | | **FIRST APPEARANCE (Dayshift)** |
| | **CHARLIE ROVER (*2)** | | TRANSPORTATION |
| | RUSHING | **ENTRY SECURITY (7AM-7PM) (*1)** | **HOSPITAL/CENTERS** |
| **VIDEO VISITATION (I & A) (*1)** | AKANA | MCEWAN | |
| CARTER (FTO) | | | AHO- 588 BREITHAUPT |
| | | | MCCALL 0600-1200 |
| | **JUVENILE (*2)** | **CENTRAL CONTROL (*1)** | WALL 1200-1800 |
| **CLINIC** | OHARA 6-1200 | RICHARDSON | |
| MCCORD | MARTINI | | |
| **STAFF DINING (NIGHTS) (*1)** | HAGINS | | |
| CLOSED | | | |
| **LEAVE COMMENTS:** | **LEAVE COMMENTS:** | **BREAKS/OTHER:** | |
| V- DD COLEMAN | | H-MED OBS | |
| V- DD VALDEZ | | BOOKING DA-MASTER, A, C | |
| V- DA RIVERA | | PROPERY-INTAKE | |
| S- DD HENSON | | E-SECURITY | **MANDATORY OVERTIME:** |
| S- DD CASILLAS | | JUV-SGT.FLAHERTY | DD OHARA 6HRS. |
| S- | | C-B POD | DD MCCALL 11.5 |
| F- | | BOOKING-INF | DA VALENTIN 11.5 |
| F- | | MASTER- B CO, CENTRAL | **OTHER OVERTIME:** |
| V- MSGT. FOILES | | F-E&F CO | DD WALL 1200-1800 |
| M- DD BROWN | | | |
| | | | |
| L/D RAFFERTY | | | |

**PREA 115.13 REQUIRES WRITTEN JUSTIFICATION FOR ANY DEVIATION FROM THE (*) ASTERICK STAFFING PLAN.**

| | | | |
|---|---|---|---|
| AL-ADMIN LEAVE | H-HOSPITAL | OTP-OT PAID | V-ANNUAL LEAVE |
| B-BEREAVEMENT | M-MILITARY | S-SICK LEAVE | WC-WORKER'S COMP |
| C-COMP LEAVE | O-OTHER | SC-SCHOOL | Z-LEAVE WITHOUT PAY |
| F-FLEX TIME | OTC-OT COMP | T-TRAINING | |

MCSO Form # 14-137 Rev.08/05/21

# SHERIFF - Marion County
## DETENTION PERSONNEL POST ASSIGNMENTS

| DATE: 04/04/2022 | SHIFT: A-1 | WATCH COMMANDER: CAPTAIN BURNETT | |
|---|---|---|---|
| **SECTOR 1** **SERGEANT** THOMPSON | **SECTOR 2** **SERGEANT** LAND | **SECTOR 3** **SERGEANT** LAND | **SECTOR 4** **SERGEANT** DIAZ |
| **G-DORM ROVER (*2)** | **ALPHA CONTROL (*2)** | **DELTA CONTROL (*1)** | **BOOKING (DD) (*2)** |
| MCMILLER (DRT) | CRESPO | CLOSED | MUTI (DRT) |
| ROBERTS | WILLINGHAM | | AGOSTO |
| | | | ALLEN |
| | | | |
| | | | |
| **H-DORM ROVER (*2)** | **ALPHA ROVER (*3)** | **DELTA ROVER (*2)** | |
| MOORE | JOSEY | CLOSED | **BOOKING (DA) (*1)** |
| LESTER (SWITCH W/ CICCI) | ANDERSON (DRT) | | SPILLMAN |
| | SCHWEITZER (DRT 0600-1400) | | |
| | HENRY (0600-1000/1400-1800) | | **BOOKING HOUSING (DD) (*2)** |
| | FUENTES (1000-1800) | | CLOSED |
| **MEDICAL DORM ROVER (*4)** | **BRAVO CONTROL (*1)** | **E/F CONTROL (*1)** | |
| FOERSTER | MAZYCK | RIPLEY OT | **CLASSIFICATIONS (*2)** |
| SUPPES | | | ENGLEMAN |
| T. FRYE | | | VICKERS |
| GATYAS | **BRAVO ROVER (*3)** | **ECHO DORM ROVER (*2)** | **PROPERTY (*1)** |
| | HOLMER OT | VANHEUSEN | MARRERO (FTO) / BING |
| | TORRES | L. DAVIS | COLOMBO |
| **INFIRMARY ROVER (*1)** | | | **INTAKE CONTROL (*1)** |
| MCAFEE | | | BRYANT (L/D) |
| | **2 DD'S DUE TO NO JUVIES** | | |
| | **CHARLIE CONTROL (*1)** | **FOXTROT DORM ROVER (*2)** | **MASTER CONTROL (*1)** |
| **MED OBS** | REYES | LINDER | K. DAVIS |
| NEWTON | | PRINCE | |
| FUENTES (0600-1000) | | | |
| HENRY (1000-1400) | | | **FIRST APPEARANCE** |
| SCHWEITZER (DRT 1400-1800) | **CHARLIE ROVER (*2)** | | CLOSED |
| | BENNINGHOFF | **ENTRY SECURITY (7AM-7PM)** | **HOSPITAL / CENTERS** |
| **VIDEO VISITATION (I & A) (*1)** | HENDERSON | MCEWAN | I/M MILLER ORMC 224 |
| CASTOR OT | DELACRUZ | | K. PEREZ |
| CURTIS | | | |
| | **JUVENILE (*2)** | **CENTRAL CONTROL (*1)** | |
| **CLINIC** | SCOTT | VEGA M-OT | |
| MCCORD | KRAUSE | | |
| **STAFF DINING (NIGHTS) (*1)** | | | |
| CLOSED | | | |
| **LEAVE COMMENTS:** | **LEAVE COMMENTS:** | **BREAKS/OTHER:** | |
| L/D- DD BRYANT | 1 DD LIGHT DUTY | CASTOR- A CONTROL X2 | |
| V- DD MARCELLO | 1 DA VACATION | RIPLEY- B CONTROL | |
| V- DD SNYDER | 2 DD VACATION | CASTOR- C CONTROL | |
| V- DA SNIPES | 1 DD SICK | COLOMBO- E / F CONTROL | |
| S- DD ZIMMERMAN | 1 SGT. VACATION | FOXTROT- CENTRAL | |
| SC- MSGT. NELSON | 1 DD SWITCH | COLOMBO- INTAKE | |
| DD CICCI / LESTER SWITCH | 1 I/M @ HOSPITAL / CENTERS | COLOMBO- MASTER | |
| | 6 I/M MED OBS | AGOSTO- INFIRMARY | **MANDATORY OVERTIME: (M-OT)** |
| | | HOLMER- JUV MALE | DD ---- 11.50 OTP |
| | | CHARLIE- JUV FEMALE | DD ---- 11.50 OTP |
| | | CHARLIE- BRAVO FEMALE | DA VEGA 11.50 OTP |
| | | GULF- ORMC X1 | **OTHER OVERTIME:** |
| | | HOTEL- NEWTON (MED OBS) | DD HOLMER 11.50 OTP |
| | | | DA CASTOR 11.50 OTC |
| | | | DA RIPLEY 11.50 OTP |
| | | | |
| | | | |
| | | | |

**PREA 115.13 REQUIRES WRITTEN JUSTIFICATION FOR ANY DEVIATION FROM THE (*) ASTERICK STAFFING PLAN.**

| | | | |
|---|---|---|---|
| AL-ADMIN LEAVE | H-HOSPITAL | OTP-OT PAID | V-ANNUAL LEAVE |
| B-BEREAVEMENT | M-MILITARY | S-SICK LEAVE | WC-WORKER'S COMP |
| C-COMP LEAVE | O-OTHER | SC-SCHOOL | Z-LEAVE WITHOUT PAY |
| F-FLEX TIME | OTC-OT COMP | T-TRAINING | |

### *SHERIFF* - Marion County
### DETENTION PERSONNEL POST ASSIGNMENTS

| DATE: 4/6/2022 | SHIFT: B-2 | WATCH COMMANDER: LIEUTENANT MOSHER | |
|---|---|---|---|
| **SECTOR 1** | **SECTOR 2** | **SECTOR 3** | **SECTOR 4** |
| **SERGEANT** | **SERGEANT** | **SERGEANT** | **SERGEANT** |
| SGT SANTOS | SGT HAGOOD | SGT. HAGOOD | SGT HEINRICH |
| **G-DORM ROVER (*2)** | **ALPHA CONTROL (*2)** | **DELTA CONTROL (*1)** | **BOOKING (DD) (*2)** |
| KEATON (DRT) | ELLSWORTH (M/OT) | CLOSED | MITZKOVITZ |
| FRYE | RICHARDSON (OT) | | S. DAVIS |
| | | | RIVERA-ORTIZ |
| | | | JIMENEZ |
| | | | POTTS (M/OT) 1800-2100 |
| **H- DORM ROVER (*2)** | **ALPHA ROVER (*3)** | **DELTA ROVER (*2)** | **BOOKING (DA) (*1)** |
| THORSBERG | J. DAVIS | CLOSED | HILL |
| CANELLE | MIESES | | |
| | T. RODRIGUEZ | | |
| | | | **BOOKING HOUSING (DD) (*2)** |
| | | | CLOSED |
| **MEDICAL DORM ROVER (*4)** | **BRAVO CONTROL (*1)** | **E/F CONTROL (*1)** | |
| WALL | COLLINS | ROMAN | **CLASSIFICATIONS (*2)** |
| LEVAY | | | SASSO |
| BRADY | | | WARNER |
| K. THORSBERG | **BRAVO ROVER (*3)** | **ECHO DORM ROVER (*2)** | **PROPERTY (*1)** |
| | VOGT | KITCHIN | PALAU |
| | BEEHLER | MENDEZ | |
| **INFIRMARY ROVER (*1)** | | | **INTAKE CONTROL (*1)** |
| GREENE | | | EKELI |
| | **CHARLIE CONTROL (*1)** | **FOXTROT DORM ROVER (*2)** | **MASTER CONTROL (*1)** |
| **MED OBS** | M. BROWN | CROMWELL | TUCKER C. (OT) |
| J. BROWN | | REGAN | |
| R. SMITH | | | |
| | | | **FIRST APPEARANCE (Dayshift)** |
| | **CHARLIE ROVER (*2)** | | DAYSHIFT |
| | BRADLEY | **ENTRY SECURITY (7AM-7PM) (*1)** | **HOSPITAL/CENTERS** |
| **VIDEO VISITATION (I & A) (*1)** | GONZALEZ | BRITT | |
| ITURREY | | | |
| | **JUVENILE (*2)** | **CENTRAL CONTROL (*1)** | |
| **CLINIC** | D. SMITH | KNOWLTON | |
| CLOSED | CLINTON | | |
| **STAFF DINING (NIGHTS) (*1)** | | | |
| ITURREY | JUVY SP-POTTS 2100-0600 | | |
| **LEAVE COMMENTS:** | **LEAVE COMMENTS:** | **BREAKS/OTHER:** | |
| V- DD CHYBAR (DRT) | | MASTER - SGT SANTOS | |
| V- DD PEREZ | | M MED OBS - G POD | |
| V- DA JALBERT | | JUVENILE - JIMENEZ | |
| | | E/F - E POD | **MANDATORY OVERTIME:** |
| S- DA QUAYE | | INTAKE - HILL | DD POTTS |
| S- DA SCHMIDT | | INFIRMARY - SGT. SANTOS | |
| S- DA FISHER | | A CONTORL-ITURREY/PALAU | DA-ELLSWORTH |
| S- DD COLDIRON | | CENTRAL - PALAU | **OTHER OVERTIME:** |
| | | C CONTROL - C POD | DA-TUCKER C. (OT/PD) |
| | | B ROV - JIMENEZ | DA. RICHARDSON (COM/PD) |

**PREA 115.13 REQUIRES WRITTEN JUSTIFICATION FOR ANY DEVIATION FROM THE (*) ASTERICK STAFFING PLAN.**

| | | | |
|---|---|---|---|
| AL-ADMIN LEAVE | H-HOSPITAL | OTP-OT PAID | V-ANNUAL LEAVE |
| B-BEREAVEMENT | M-MILITARY | S-SICK LEAVE | WC-WORKER'S COMP |
| C-COMP LEAVE | O-OTHER | SC-SCHOOL | Z-LEAVE WITHOUT PAY |
| F-FLEX TIME | OTC-OT COMP | T-TRAINING | |

Exhibit

## VIDEO ANALYSIS AND TIMELINE REGARDING OFFICER ZAINO'S BODY-WORN CAMERA

Plaintiff reviewed the uploaded body-worn camera video attributed to Officer J. Zaino and compared that footage against the written incident materials contained in the uploaded document set, including Officer Zaino's case narrative and probable cause affidavit, Officer E. Cabrales's supplemental narrative, and Plaintiff's July 18, 2025 written statement.

Officer Zaino's written narrative states, in substance, that after Plaintiff exited The Vines, Plaintiff said "I want the keys," quickly walked to the driver's door of Zaino's marked patrol vehicle, opened the driver's door while the vehicle was running, and was positioned between the opened door and the driver's seat before Zaino redirected him away and arrested him for attempted grand theft of a motor vehicle. The probable cause affidavit repeats that same core claim.

Officer Cabrales's supplemental narrative is not identical. Cabrales wrote that the front-desk clerk heard Plaintiff say "I want the car keys" and that Plaintiff ran out the front door toward the marked police vehicle, after which Cabrales saw Plaintiff circle the back of the vehicle but could not see further due to reflection. Cabrales also wrote that she inquired about surveillance video and was told Risk Management would attempt to review it later.

Plaintiff's July 18, 2025 statement directly disputes the meaning attributed to the word "keys." Plaintiff stated that he was referring to his house keys, not Officer Zaino's patrol-car keys, and further stated that Zaino instructed him to touch the patrol-car door handle before later claiming Plaintiff tried to steal the vehicle. Plaintiff also stated that the body camera was not activated during the entire relevant sequence and that the recording began only after the situation had already escalated.

The uploaded video does not provide a clear, continuous, unobstructed recording of the decisive conduct described by Zaino in his narrative and affidavit. Instead, the footage begins after the encounter was already underway and does not plainly show Plaintiff opening the driver's door, moving into the driver's area, taking control of the vehicle, or attempting to operate the vehicle.

At approximately **21:04:27 to 21:05:16**, the video shows Plaintiff outside near The Vines entry area. The footage is close-range and partial. No clear attempted entry into the patrol vehicle is shown during this segment. Uploaded video

At approximately **21:05:16 to 21:06:22**, the camera angle is largely obstructed by Plaintiff's body and the officer's close physical positioning. This portion does not clearly depict Plaintiff opening the driver's door, reaching into the driver's compartment, or possessing any keys.

At approximately **21:06:26**, the patrol vehicle and The Vines exterior come into view, but the footage still does not clearly show the specific conduct described in Zaino's written account. The view remains incomplete and does not present a clean visual record of an attempted theft sequence.

At approximately **21:06:31 to 21:08:08**, the scene appears relatively stabilized, with officers standing near marked police vehicles. If Plaintiff had just attempted to steal the

vehicle exactly as reported, the body-worn camera clip does not preserve a clear visual depiction of that conduct.

10 At approximately **21:08:32**, the marked patrol sedan and The Vines entrance are again visible. This is one of the closest portions of the clip to the alleged vehicle event. Even so, the video still does not show Plaintiff inside the driver's seat area, in possession of the steering position, or attempting to drive away.

11 At approximately **21:08:36 to 21:08:46**, the video becomes dark and obstructed during physical movement and contact. This segment captures struggle and control, not a clear attempted motor-vehicle theft. The critical seconds are visually blocked.

12 In sum, the body-worn camera footage does **not** clearly corroborate Zaino's written claim that Plaintiff attempted to steal the patrol vehicle in the manner described in the narrative and probable cause affidavit. Rather, the footage leaves the decisive moments obscured, incomplete, and visually unproven.

13 The written materials themselves reveal evidentiary weakness and inconsistency. Zaino's version uses "I want the keys," while Cabrales's narrative attributes to Plaintiff the different statement "I want the car keys." Cabrales also reported that she could not see the entire sequence and that outside surveillance was not then obtained or reviewed. Plaintiff's statement provides a materially different explanation, namely that he was referring to his own house keys and that Zaino instructed him to touch the patrol-car door handle.

14 Accordingly, the uploaded video, when compared with the written reports, supports the conclusion that the body-worn camera does not conclusively establish attempted grand theft of a motor vehicle and does not eliminate substantial factual dispute as to what Plaintiff said, what Plaintiff intended, what Officer Zaino instructed Plaintiff to do, and what actually occurred at the patrol vehicle.

Exhibit

**UNITED STATES POSTAL SERVICE.**

May 18, 2023

eMail Subject Line: U.S. Postal Service - Acknowledgement of Application

Thank you for your application for the position of RURAL CARR ASSOC/SRV REG RTE , Rural, Florida 1 District located at SILVER SPRINGS.

We appreciate your interest in the vacant position. You will be considered under the competitive procedures for this vacancy and advised of the application status when a decision has been reached.

Kind Regards,

Human Resources

The email is an automatic system generated reply. Please do not respond to this message.



**UNITED STATES**
**POSTAL SERVICE.**

May 30, 2023

Subject: United States Postal Service - Job Offer - **Action Required**

Dear Matthew Jerome Boone,

Congratulations!  Based on the information provided in your application and assessment results (if applicable), we are pleased to offer you the position of ASSISTANT RURAL CARRIER (ARC)  –  OCALA FL NC11357974 NB11433534.

The United States Postal Service is one of our nation's largest employers, and we are excited about your interest in working with us!

This job offer and any subsequent employment are conditioned on your meeting medical, eligibility, suitability, and background-investigation requirements.  Please do not resign from your current job at this time.

**Important information requiring your action is attached.  Please open the document(s) attached to this correspondence and follow the instructions and guidance.**

Your effective date will be determined once you complete the necessary information and post-offer checks described above.  Note that in some cases, your appointment may become effective before we have finished processing those checks and determined whether you meet the post-offer requirements, but your continued employment will remain conditioned on the successful completion of those post-offer requirements.

In addition to this conditional-offer letter, you will also receive **a second email** containing a personal link to our online system where you will accept or decline this conditional job offer. You will have **3 calendar days** to respond to this conditional job offer and complete all required actions for accepting it.  Additional information relevant to this conditional job offer is provided in the second email.

We look forward to your acceptance of this conditional job offer and appreciate your interest in employment with the United States Postal Service.

Sincerely,

Joseph Bruce
Director, National Human Resources
United States Postal Service
Washington, DC 20260

Exhibit K


**UNITED STATES POSTAL SERVICE.**

May 30, 2023

Dear Matthew Jerome Boone,

This email serves as a follow-up to the conditional offer you received for the position of

ASSISTANT RURAL CARRIER (ARC)  -  OCALA FL NC11357974 NB 11433534

The next step is accepting or declining the conditional job offer.  Please read all the information on this page, and when you are ready, click on the link at the bottom of the page to access the system and accept or decline the position.

**Ready to accept this position?**  The link below will be active for **3** calendar days from receipt of this email. The sooner you accept the conditional job offer, complete our employment forms, and schedule an appointment to submit your fingerprints, the sooner we can arrange your employment date.  For many of our bargaining-unit positions, the employment date helps determine the rank order of employees, affecting future employment opportunities.

Upon acceptance of the conditional job offer, you will be guided through an online process to begin the post-offer requirements.  The online process could take up to 30 minutes during which you will review your contact information, provide your emergency contact, race, ethnicity, disability, and tax information, and complete a medical questionnaire.

Please note that your employment is conditioned upon the successful completion of all post-offer requirements.  For some employees, these requirements may not be completed until after your employment start date.  Failure to successfully pass all requirements, including the background investigation, will result in the withdrawal of this conditional job offer or, if you have already begun your appointment, the termination of employment.

**No longer interested?** Please let us know by clicking on the link below and declining the job offer.  If we do not hear from you within  3  calendar days, we will consider this conditional job offer declined on your behalf.

**Click the link below to accept or decline this offer.** You will need to login using your logon and password created for your candidate profile. If you have forgotten your password, you will be able to reset it using the "Forgot Password Link".

Please click here >> Welcome To USPS

Thank you,

HR Shared Services Center
U.S. Postal Service

THIS IS AN AUTOMATIC SYSTEM GENERATED EMAIL.  PLEASE DO NOT RESPOND TO THIS MESSAGE.

 Gmail                                    Matthew Boone <matthew.boone.4333@gmail.com>

---

## Boone, Matthew Jerome - NACI - Unfavorable -1769

---

**USPIS Appeals** <appeals@uspis.gov>                        Thu, Jun 29, 2023 at 4:04 PM
To: Matthew.Boone.4333@gmail.com <Matthew.Boone.4333@gmail.com>
Cc: Local Services Florida 1 District <LocalServicesFlorida1District@usps.gov>

06/29/2023

Re:     Boone, Matthew Jerome - NACI - Unfavorable

        SSN:  xxx-xx-1769

Dear Sir or Madam:

This refers to your application for a background investigation. After careful consideration and

review, it has been determined that you do not meet the security requirements of the position. It

has been adjudicated unfavorable based on the following:

Applicant received a deferral disposition for felony" grand theft of motor vehicle" and felony " battery on law
enforcement officer" on 12/21/2022

This decision was not made by your employer, and they would be unable to provide you with any

additional information regarding our decision. Your employer has been copied on this email.

You have the right to appeal this decision within **7 days** from the date of this email. If an appeal

is made, it must be received via email and should include your: **NAME, ADDRESS, Last 4**

**digits of your SSN#**, and a **DETAILED RESPONSE TO AFFIRM OR DENY** each of the

...orable actions listed above. Also, attach a certified copy of any pertinent court documents

to your email and send appeal to the following email address, with subject line:

**Email Address:** Appeals@uspis.gov

**Email Subject Line:** Appeal Request **– Interim**

Sincerely,

Security Investigations Service Center

U.S. Postal Inspection Service



UNITED STATES POSTAL INSPECTION SERVICE

SECURITY GROUP

October 12, 2023

Matthew Jerome Boone
602 NE 28th Street
Ocala, FL  34470-3623

RE: Appeal of unfavorable suitability determination

Dear Mr. Boone,

A review of your background investigation and the documentation you submitted in support of your appeal indicates, you received an unfavorable determination on the basis of a deferral disposition for felony "grand theft of motor vehicle" and felony "battery on law enforcement officer" on 12/21/2022.  You were also not truthful on the application regarding your criminal history. According to Handbook EL-312, Suitability factors, an applicant can be disqualified for criminal or other conduct, which if engaged in by a postal employee, would undermine the efficiency of the Postal Service.

The U.S. Postal Service selects and retains, in any capacity, only those qualified individuals whose employment is consistent with U.S. Postal Service screening requirements. In light of the aforementioned, it would be inconsistent with U.S. Postal Service security interests to grant you access. Therefore, your appeal is denied, and unfavorable suitability determination is upheld.

If you would like to review any information in your file under the provisions of the Freedom of Information Act, you should submit a written request to the Office of Counsel, 475 L'Enfant Plaza, S.W., Room 3301, Washington, DC 20260-2186.

Sincerely,

*C. Bell*

Clifton Bell
Assistant Inspector in Charge

cc: Local Services District, Florida 1

SECURITY GROUP
475 L' ENFANT PLAZA S.W.
WASHINGTON DC 20260 2166

Exhibit Q



# OCALA POLICE DEPARTMENT

**PERSONNEL**

**ACTION FORM**

☐ EMPLOYMENT   ☐ TERMINATE   ☐ CHANGE

EXPLANATION: **Discipline**

| EMPLOYEE | Jacob Zaino | EMPLOYEE # | 6786 | S.S. # | |
|---|---|---|---|---|---|
| ADDRESS (City, State, Zip) | | | | PHONE # | |
| JOB TITLE | Police Officer | DIVISION | 832 | UNIT | |

---

**EMPLOYMENT**

☐ NEW HIRE   ☐ TEMPORARY   ☐ REPLACEMENT FOI _____

☐ REHIRED   ☐ PART TIME   ☐ OTHER

| HIRE DATE | START DATE | PAYGRADE | HOUR RATE | EDUCATION | DATE OF BIRTH | ☐ SWORN  ☐ NON-SWORN | SHIFT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

---

**TERMINATION**

☐ VOLUNTARY
☐ INVOLUNTARY

| | LAST DAY WORKED | | PAY THRU & INCLUDING |
|---|---|---|---|

| HIRE DATE | START DATE | PAID DAYS ACCRUED | | | SEVERENCE PAY APPROVED: |
|---|---|---|---|---|---|
| | | ☐ VACATION _____ | ☐ PERSONAL _____ | | ☐ YES _____ |
| | | ☐ SICK | ☐ OTHER | | ☐ NO |

---

**CHANGE**

☐ ADDRESS   ☐ PROMOTION   ☐ RATE/SALARY   LEAVE OF ABSENCE:   FROM _____   TO _____
☐ PHONE   ☐ DEMOTION   ☐ SWAT   ☐ MILITARY   ☐ SICK LEAVE   ☐ INCENTIVE   ☐ DISCIPLINARY
☐   ☐ TRANSFER   ☐ DETECTIVE   ☐ MATERNITY   ☐ VACATION   ☐ RESIGNATION
☐ FTO   ☐ CLOTHING ALLOWANCE

| LOCATION CHANGE | FROM | | TO | | | |
|---|---|---|---|---|---|---|

| JOB AND RATE/SALARY CHANGE | STATUS | JOB TITLE | DIVISION CODE | SHIFT | RATE/SALARY |
|---|---|---|---|---|---|
| | OLD | | | | |
| | NEW | | | | |

---

**COMMENTS**

On 03/30/22, while on-duty Officer Zaino failed to turn off the engine of his vehicle, failed to secure the vehicle, and left weapons inside the vehcile. An attempt to steal the patrol vehicle occurred factoring in the listed facts. As a result, Officer Zaino has violated OPD Directive 3.02 (P)(1) Unsatisfactory Actions and is suspended for a period of 8 hours.

---

**APPROVAL SIGNATURE**

☐ PROCESSED/INPUT BY:

| | | EMPLOYEE 6786 | DATE 4/6/22 |
|---|---|---|---|
| PREPARED BY Major S. Cuppy | DATE 04/06/22 | SUPERVISOR Major S. Cuppy | DATE 04/06/22 |
| CHIEF/DEPUTY CHIEF | DATE 4 11 22 | SUPPORT SERVICES | DATE |

## MEMORANDUM

TO:        Jacob Zaino, Officer                DATE:      April 6, 2022

FROM:   Steven Cuppy, Major              SUBJECT:   202200042146
              Ocala Police Department

To summarize the incident:

On 3/30/22, Officer Jacob Zaino transported a subject to The Vines for mental assistance as a voluntary transport. At the facility, Officer Zaino left his firearm in the trunk of his patrol vehicle and brought the subject into the facility. It was also determined Officer Zaino left his patrol vehicle doors unlocked and failed to turn off the vehicle engine as he entered the facility. The subject looking for services at The Vines changed his mind and exited the facility, immediately walking over and opening the door to the unsecured patrol vehicle of Officer Zaino. The attempt to steal the patrol vehicle was stopped by Officer Zaino but did potentially create a serious threat to the safety of the community. The matter was documented in a memorandum by Sgt. Dan Wright.

I considered the matter a direct to discipline incident and on 4/5/22 we met in my office for a pre-disciplinary meeting. You spoke directly to the incident and took full responsibility for the mistakes made and potential results of someone stealing a patrol vehicle with weapons inside. I respect your candor and words spoken on the matter. The police department has spoken several times about not leaving patrol vehicles running and unattended without proper justification. The mistake of leaving the patrol vehicle unsecured magnified this incident. I consider this matter to be a violation of the following Directive:

3.02 (P)(1) Unsatisfactory Actions - *shall include that which brings the Department into disrepute or reflects discredit upon the person as a member of the Department or that which impairs the operation or efficiency of the Department or member. This violation will be utilized only when no specific prohibited act or required behavior can be addressed for violation and falls within Level 2 of the Disciplinary Matrix.*

As outlined in 3.02 (L)(1), according to the Discipline Matrix this violation is a Level 2 violation 1st Offense, the discipline ranges from a Counseling Statement up to a 3-day suspension.

Based on these factors I am imposing the following discipline:

- 8-hour suspension

Delivered by: _Major S. Gray_    Date: _4/5/22_    Time: _2115 hours_

## MEMORANDUM

TO: Steve Cuppy, Major

FROM: D.E. Wright, Sergeant

DATE:    March 31st, 2022

SUBJECT:    202200042146

---

This memorandum is to apprise you of the circumstances of the above-listed case, during which a subject that Officer Jacob Zaino transported voluntarily to the Vines attempted to steal his patrol vehicle when it was left unlocked and running.

On 03/30/2022, Officer Jacob Zaino transported Mathew Boone to the Vines facility for mental health help. Boone did not meet Baker Act criteria and was being given a courtesy ride as he voluntarily wished to check himself in.

Once at the facility, Officer Zaino removed his duty firearm and secured it in the trunk of his patrol vehicle. Officer Zaino then removed Boone from the backseat of his patrol vehicle and entered the facility with him. Officer Zaino failed to secure his patrol vehicle by locking the doors and also failed to turn off the engine as the vehicle was left idling.

While inside the facility, Boone changed his mind about being at the Vines and wanted to leave. Boone asked Officer Zaino for the keys to his patrol vehicle. When Officer Zaino refused to give him the keys, Boone walked out of the facility and proceeded to open the driver's door of Officer Zaino's patrol vehicle in an attempt to leave with it. Officer Zaino was able to thwart Boone's attempt to steal his patrol vehicle, however, had the vehicle been secured or unable to be driven (engine off, no keys in the ignition) the risk of the vehicle being stolen would have been minimized or impossible.

Officer Zaino's decision to allow his vehicle to idle and failure to secure the vehicle when away from the vehicle represents a violation of OPD Department Directive 8.02 A 12 (Specialized Vehicle Operations). Officer Zaino's demeanor after the incident was one of embarrassment and understanding of what he had almost allowed to happen.

DEW / dew

## Steve Cuppy

| | |
|---|---|
| **From:** | Lenny Uptagraft |
| **Sent:** | Thursday, March 31, 2022 4:02 AM |
| **To:** | Dustin Keuntjes; Steve Cuppy |
| **Cc:** | Dan Wright |
| **Subject:** | 202200042146 |
| **Attachments:** | Zaino memorandum.doc |

Gentlemen –

This case is the attempted theft of our patrol car listed on the Watch Report. I'm sure there will be a good deal of curiosity as to how this occurred. The simple, straightforward answer is that Zaino left his vehicle running, unlocked and unattended, while inside the Vines. I can assure you that both Dan and I were apoplectic when we learned the details. Please understand that Dan, Jimmy, Ron and I have all been reinforcing the DC's directive about leaving patrol vehicles running on a nearly nightly basis. In fact, we most recently reiterated it in the briefing which occurred less than three hours prior to this incident.

That said, I directed Dan to reduce the facts to a memorandum, the electronic copy of which is attached to this email. Captain, the signed hard copy is on your desk. I can tell you that Zaino is extremely affected by this, and I feel I could probably resolve the issue with some patented Rangemaster counseling time with him. However, I understand the gravity of his actions and their timing relative to the repeated admonitions about idling vehicles, and therefore wanted you to be able to retain the options of direct-to-discipline or IA if you wished for this to move forward via either of those routes.

If you have any immediate questions or concerns, please feel free to call. I will likely be up until 8ish or so this morning. At my direction, Dan has held Zaino's report back – in my opinion it needs some clarifying statements to justify the charge, but I'm reluctant to tell him to add them at this juncture as I don't want to run afoul of Garrity, should you decide to take that route. I can follow up with that as you see fit.

--Lenny

**PLAINTIFF'S PROPOSED EXHIBIT INDEX**
**SUPPORTING AMENDED COMPLAINT**

*Case No. 5:26-cv-00210-JSS-PRL*

| Ex. | Proposed exhibit title | Current source file | Key facts shown by the uploaded record | Supports complaint ¶¶ / counts | Notes |
|---|---|---|---|---|---|
| A | Booking Report for Matthew Jerome Boone (Booking No. 2200002682) | Booking Report- Boone, Matthew 3.30.22.pdf | Shows booking number A0114358 / 2200002682, arrival and booking date-time of 3/30/2022 21:36, arrest date-time of 3/30/2022 21:16, arresting officer listed as ZAINO, and booked charges of grand theft of a motor vehicle and battery on LEO. | ¶¶ 22, 27, 64–68; Counts I–II | Good foundation exhibit for arrest/booking chronology. Does not by itself prove or disprove probable cause. |
| B | March 30, 2022 Use of Force Report (IA No. UOF22-133 / Case No. 220001662) | UOF22-133.pdf | States Moore sprayed Boone; Muti used elbow strike and front kick; Snyder used closed-fist strike; McMiller used OC spray; decontamination ran 2150–2205; no inmate injuries noted; jail video was reviewed. | ¶¶ 35–45, 64; Count III | Direct jail-force record naming participating officers and force modalities. |
| C | March 30, 2022 Inspection of Confinement Log | Boones Inspection of confinement.pdf | Handwritten confinement log reflects 2140 spray, 2145 strip search complete, 2150 decontamination shower started, 2205 shower complete, 2206 checked by charge nurse, 2210 intake to infirmary, 2225 constant observation, and 2235 observation complete. | ¶¶ 44, 64; Count III | Useful timeline exhibit that corroborates the March 30 sequence. |
| D | March 30, 2022 Incident / Supplement Report | Boone, Matthew.pdf | Narrative and supplements repeat that Boone was taken to change-out room 1010A, pepper sprayed, taken to the ground, strip searched, decontaminated, evaluated by Charge Nurse Little, and housed in the infirmary; also states jail security video was saved. | ¶¶ 28–45, 64; Count III | Helpful companion exhibit because it includes the supplement narratives from Muti, McMiller, Snyder, and Newton. |

| E | April 4, 2022 Use of Force Report (IA No. UOF22-110 / Case No. 220001769) | UOF22-110.pdf | States Thompson and Frye were conducting a suicide-precaution strip search in Infirmary Cell 111; Thompson used pepper foam twice; Boone was then escorted to shower; decontamination ran 0721–0736; no injuries noted; jail video reviewed. | ¶¶ 46–54, 64; Count IV | Primary exhibit for the April 4 use of force. |
|---|---|---|---|---|---|
| F | April 4, 2022 Inspection of Confinement Log | IM Boone Inspection of Confinement.pdf | Lists 0721 inmate in shower, 0736 shower complete, 0739 checked by Charge Nurse Ramos, 0744 and 0754 laying in cell, and 0806 observation complete. | ¶¶ 52–54, 64; Count IV | Objective timing exhibit that aligns with the April 4 force record. |
| G | April 6, 2022 DRT Use of Force Report (IA No. UOF22-139 / Case No. 220001843) | UOF22-139.pdf | States Mosher activated the DRT; team members were Davis, Keaton, and Rodriguez; Boone was taken to the floor, handcuffed, strip searched, and cell searched; no injuries noted; applicable video was saved. | ¶¶ 55–64; Count V | Primary exhibit for the April 6 cell-extraction / DRT event. |
| H | Detention Personnel Post Assignments — 3/31/22 Shift A-1 | 033122 A-1 POST.pdf | Identifies post assignments and staffing, including Flaherty, Welch, Potts, Nelson, and booking / infirmary assignments near the relevant detention events. | Background / impeachment / witness identification | Roster-style support exhibit. Best used to identify personnel and assignments rather than force details. |
| I | Video file associated with arrest / patrol-car encounter | 202200042146 Zaino 6786_339_033022215228_1.MP4 (inside uploaded ZIP) | Uploaded ZIP contains a single MP4 video approximately 8 minutes 12 seconds long. Representative sampled frames show an exterior nighttime encounter near marked police vehicles and later transport-related footage. | ¶¶ 18–26, 72–83; Counts I–II | List as media exhibit. Specific timestamp citations should be added only after a full frame-by-frame review. |
| J | USPS Conditional Job Offer — Assistant Rural Carrier (ARC), Ocala, Florida | USPS Conditional Job Offer.PDF | Dated May 30, 2023. States USPS "is pleased to offer" Boone the position of Assistant Rural Carrier (ARC) in Ocala, Florida, subject to medical, eligibility, suitability, and background-investigation requirements. | ¶¶ 67–68, 119; Damages | Supports existence of a real post-incident job opportunity. Does not itself establish final hiring or salary amount. |

| | | | | | |
|---|---|---|---|---|---|
| K | USPS Follow-up Offer Email — Accept or Decline | USPS Offer – Accept or Decline.PDF | Dated May 30, 2023. Follow-up email instructs Boone to accept or decline the same USPS conditional offer and explains that post-offer steps would begin upon acceptance. | ¶¶ 67–68, 119; Damages | Useful corroboration that the conditional offer moved into the acceptance stage. |
| L | U.S. Postal Inspection Service Unfavorable Determination Email | Boone, Matthew Jerome - NACI - Unfavorable -1769.pdf | Dated June 29, 2023. States Boone was found not to meet the security requirements for the position and identifies the cited basis as a deferral disposition for felony "grand theft of motor vehicle" and felony "battery on law enforcement officer" on 12/21/2022. | ¶¶ 67–68, 119; Damages | Supports claimed loss of the USPS opportunity and ties the adverse suitability outcome to the criminal case history referenced in the email. |
| M | U.S. Postal Inspection Service Appeal Denial Letter | Boone Matthew Jerome -- Denial Upheld Letter-10.12.23.pdf | Dated October 12, 2023. States Boone's appeal of the unfavorable suitability determination was denied and that the unfavorable determination was upheld. | ¶¶ 67–68, 119; Damages | Supports that the USPS employment opportunity was not restored after appeal. Also contains USPS's stated rationale, which can be used for damages proof subject to admissibility issues. |
| N | Motion to Proceed In Forma Pauperis and Financial Affidavit | Forma Pauperis copy.pdf | States Boone sought leave to proceed in forma pauperis under 28 U.S.C. § 1915 and lists financial information including unemployment, monthly income of $400, cash of $1, bank accounts of $3.68, and stated medical expenses of $200–1000. | Procedural filing / economic hardship context | Not a merits exhibit for liability. Useful only if you want the filing packet indexed or need a record of claimed indigency and hardship at filing. |
| O | Civil Cover Sheet (JS-44) | CL Civil Cover sheet_ copy.pdf | Lists the federal-question basis, civil-rights nature of suit, jury demand, stated damages demand of $1,200,000, and the broader initial defendant | Procedural filing history | Administrative filing document rather than substantive proof. Helpful to show what was submitted to open the case. |

| | | | | | |
|---|---|---|---|---|---|
| | | | list used in the filing packet. | | |
| P | Clerk Filing Cover Letter | CL cover letter copy.pdf | Transmittal letter to the Clerk referencing the enclosed civil cover sheet, IFP motion, financial affidavit, civil-rights complaint, and supporting exhibits, and requesting filing and service. | Procedural filing history | Not a merits exhibit. Best treated as part of the filing packet rather than evidence of the underlying constitutional violations. |
| Q | Ocala Police Department personnel action / professional standards records regarding Officer Jacob Zaino | PD-2383-2023_profStandards.pdf | Reflects OPD discipline after the March 30, 2022 incident. States Zaino failed to turn off the engine, failed to secure the patrol vehicle, and left weapons inside the vehicle; records an 8-hour suspension. Memoranda further state Boone was transported voluntarily to The Vines for mental assistance, did not meet Baker Act criteria, and opened the driver's door of the unsecured, running patrol vehicle. | ¶¶ 18–26; Counts I–II | Strong impeachment / corroboration exhibit for the arrest narrative. The policy violation alone does not prove a § 1983 claim, but the agency's own records tend to support a Franks / Kingsland / Williams theory that material facts were omitted, misstated, or ignored in establishing probable cause. See Franks v. Delaware, 438 U.S. 154 (1978); Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004); Williams v. Aguirre, 965 F.3d 1147 (11th Cir. 2020); Brown v. City of Huntsville, 608 F.3d 724 (11th Cir. 2010). Compare Davis v. Scherer, 468 U.S. 183 (1984). |

**Draft exhibit labels**

Exhibit A — Booking Report for Matthew Jerome Boone (Booking No. 2200002682).

Exhibit B — Marion County Sheriff's Office Use of Force Report, IA No. UOF22-133, Case No. 220001662, dated March 30, 2022.

Exhibit C — Inspection of Confinement Log for March 30, 2022.

Exhibit D — Incident / supplement report excerpts for March 30, 2022 intake incident.